Millersville State College, Pennsylvania Department of Education, Appellant, *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Appellee.

Argued January 9, 1975, before Judges CRUMLISH, JR., ROGERS and BLATT, sitting as a panel of three.

*Edward A. Miller*, Assistant Attorney General, for appellant.

*Charles G. Hasson*, Assistant Attorney General, with him *Sydney Reuben*, Assistant Attorney General, and *Israel Packel*, Attorney General, for appellee.

OPINION BY JUDGE BLATT, April 1, 1975:

This is an appeal by Millersville State College (College) from a decision of the Unemployment Compensation Board of Review (Board) awarding benefits to John R. Schein (claimant).

The claimant was originally appointed by the College as an assistant professor of geography for the school year 1968-1969. He was notified at the time of his appointment that his Ph.D. requirements would have to be completed in order for him to be eventually considered for tenure, and he was then enrolled in a doctoral program at Michigan State University. Twice, however, he failed his comprehensive examinations, first in December of 1968 and again in the summer of 1969. In addition, the chairman of his doctoral committee at Michigan State died and he then withdrew from his doctoral program there. Nevertheless, he was reappointed for a second and a third school year at the College, and, during his third year, he was notified by the College President that

he had been reappointed for a fourth year (1971-1972). With that reappointment, however, he was notified that future reappointments would be based upon his meeting the following criteria:

"1. he be admitted to a graduate school;
2. he have fashioned a graduate program, approved by the graduate school;
3. he have completed satisfactorily some academic work associated with his graduate program; and
4. a statement of satisfactory progress from the chairman of his graduate program committee."

During the fall of 1970, just prior to this notification, the claimant had assured the faculty members of the geography department that he was attempting to gain admission to a doctoral program and that he hoped to be actively engaged in graduate studies by the spring semester of 1971. In January of 1971 he did enroll in a graduate program at Pennsylvania State University (Penn State) but he did not pursue his studies there. In May of 1971 the faculty members of the geography department reviewed the four criteria which had been set for future reappointment, and, in view of the claimant's statements, under questioning, that he no longer planned the active pursuit of a doctoral program, the faculty members voted not to recommend his reappointment for a fifth year (1972-1973). On June 21, 1971 the College President notified him by letter that the College had decided to accept the faculty's recommendation.

The termination letter of June 21, 1971, however, was not timely. It violated the College's own manual which required that such notice be sent before May 31, 1971. Because of this procedural irregularity, therefore, the claimant was reappointed for a fifth year but was subsequently given timely notice that he would not be reappointed for a sixth year (1973-1974). In so notifying him, the College President advanced the same reasons which had previously been given, namely, that the claim-

ant was not attempting to meet the four criteria which had been established for reappointment.

When the claimant's employment with the College terminated in August of 1973, he applied for unemployment compensation benefits which were awarded by the Bureau of Employment Security. On appeal, after conducting a hearing, the referee ordered that benefits be denied. But the Board, on appeal, reversed again and ordered that benefits be granted. Now the College has appealed to this Court.

Our scope of review in unemployment compensation cases is confined to questions of law, and absent fraud, a determination as to whether or not the Board's findings are supported by the evidence. *Borman v. Unemployment Compensation Board of Review*, 12 Pa. Commonwealth Ct. 241, 316 A.2d 679 (1974).

Here the College asserts that the claimant was terminated for willful misconduct and that he is, therefore, ineligible for benefits under Section 402 (e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802 (e). The application of the Section relies, of course, upon a finding of fact as to what the reason for the termination was.

In its formal findings of fact the Board does not indicate any reason for termination. In the portion of its decision labeled "Discussion," however, the Board states: "The record in the instant case reveals that claimant was not appointed for his sixth year as an assistant professor at Millersville State College because he did not *obtain* his Ph.D. in his field while serving as an assistant professor at the college." (emphasis added) We have reviewed the record very carefully and can find no support for this statement by the Board.

It is abundantly clear to us that the decision of the College not to reappoint the claimant was based entirely on his failure even to attempt the pursuit of a doctorate.

In May and June of 1971 when the decision not to reappoint was being made, the College was concerned only that the claimant was not attempting to satisfy the criteria which had previously been established for his future reappointment. All of the evidence as to the actions of the faculty and administration, including the communications between them and to the claimant, indicate this to be their sole concern. The College did not by then expect the claimant to have obtained his Ph.D. but it did expect an attempt on his part to pursue studies which would lead to a Ph.D.

This is an important distinction, for we believe that the claimant's failure to make such an attempt constituted willful misconduct, whereas the failure to obtain a Ph.D. in itself would not have done so. Willful misconduct has been defined as an act of wanton or willful disregard of the employer's interest, a deliberate violation of the employer's rules, a disregard of standards of behavior which the employer has the right to expect of his employee, or negligence in such degree or recurrence as to manifest culpability, wrongful intent, or evil design, or show an intentional and substantial disregard of the employer's interest or of the employee's duties and obligations to the employer. *Harmer Unemployment Compensation Case,* 206 Pa. Superior Ct. 270, 213 A.2d 221 (1965). If the conduct clearly discloses breaches of duties and obligations which are inimical to the employer's interest, such acts on the part of the employee may constitute willful misconduct. *Loder v. Unemployment Compensation Board of Review,* 6 Pa. Commonwealth Ct. 484, 296 A.2d 297 (1972). It is undoubtedly in the best interest of the College to have its faculty members attend graduate schools and pursue doctoral studies. When the claimant was reappointed for a third year, he was clearly informed that progress toward a doctorate would be expected if he wished to be subsequently reappointed. The claimant's decision not to pursue his doctoral studies,

after he was accepted and enrolled in a new program at Penn State, constituted an intentional and substantial disregard of a duty to the College and was inimical to the College's interest. His actions were, therefore, willful misconduct. We are careful to point out that academic failure after a good-faith effort would not be willful misconduct, but where as here the claimant without good reason makes the decision not to pursue studies which are required by his employer, there is willful misconduct.

The only reason given by the claimant for his failure to pursue a doctorate was that he did not believe that he could have received a doctorate by the time that the faculty was to vote for tenure. This attempted justification is entirely irrelevant. If the claimant wished reappointment, he had the obligation to pursue his studies further, irrespective of whether or not he ever achieved tenure.[1]

We, therefore, issue the following

#### ORDER

AND, now this 1st day of April, 1975, the order of the Unemployment Compensation Board of Review is hereby reversed and benefits are hereby denied.

---

1. Parenthetically we note that the College did appear willing to extend a leave of absence to the claimant so that he could study independently for his doctorate and thereby become eligible for tenure within the prescribed time.