Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania *v.* Elizabeth Keller, Appellant.

Argued January 8, 1976, before Judges KRAMER, WILKINSON, JR. and MENCER, sitting as a panel of three.

*Eugene F. Zenobi,* with him *Alan N. Linder,* for appellant.

*Daniel R. Schuckers,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE MENCER, March 8, 1976:

An oversight on the part of Community General Hospital in Reading has resulted in the discharge of its employee, Elizabeth Keller (claimant), and the denial to her of unemployment compensation benefits by all of the compensation authorities.

The ruling of ineligibility made by the Unemployment Compensation Board of Review (Board) was premised on its conclusion that claimant was properly discharged because of willful misconduct connected with her work. We reverse this determination, but we note the limited nature of our holding resulting from the unusual circumstances of this case.

Until 1974, claimant had been employed by St. Joseph's Hospital in Reading in a housekeeping capacity. The job of supervisor of housekeeping became available at Community General Hospital, and claimant made application for the more lucrative position. On claimant's employment application was the following question: "Do you object to a pre-employment physical examination?" Claimant answered that question affirmatively. Despite this answer, Community General hired claimant to fill the housekeeping supervisor position. Claimant's work was considered highly satisfactory. However, some months after her employment, the hospital administrative authorities realized their mistake in hiring claimant without first requiring her to undergo the *pre-employment* physical examination and demanded that claimant submit to such an examination.[1] Claimant refused to submit to

---

1. There is no evidence in the record concerning any hospital policy requiring periodic physical examinations for all employees.

the pre-employment physical examination and was discharged. Thereafter, she was denied benefits because of her alleged willful misconduct.

The concept of willful misconduct has been discussed by Judge KRAMER in *O'Keefe v. Unemployment Compensation Board of Review*, 18 Pa. Commonwealth Ct. 151, 333 A. 2d 815 (1975), wherein he stated:

"The Board denied benefits on the basis of section 402 (e) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802 (e), which provides, in relevant part, that an employe shall be ineligible for compensation for any week:

'(e) in which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work . . . .'

"The burden of proving willful misconduct is on the employer. MacFarlane v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, 12 Pa. Commonwealth Ct. 550, 554, 317 A. 2d 324, 326 (1974), and Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review, 10 Pa. Commonwealth Ct. 90, 98, 309 A. 2d 165, 169 (1973). Whether the facts, as found below, constitute willful misconduct is a question of law. Longacre, Inc. v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, 12 Pa. Commonwealth Ct. 176, 179, 316 A. 2d 110, 111 (1974). Our power to review for errors of law is clear, as is our duty to determine whether all necessary findings are supported by substantial evidence. Stalc v. Commonwealth of Pennsylvania, Unemployment

If claimant had been requested to submit to periodic physical examinations and if such required physical examinations were found to be a reasonable rule of the hospital, we would have a different case to decide. However, the record below clearly reveals that claimant was only requested to take a *pre-employment* physical examination.

Compensation Board of Review, 13 Pa. Commonwealth Ct. 131, 134, 318 A. 2d 398, 400 (1974).

"We have interpreted section 402(e) of the Law as requiring (1) *the wanton and willful disregard of the employer's interest;* (2) *the deliberate violation of rules;* (3) *the disregard of standards of behavior which an employer can rightfully expect from his employe;* or, (4) *negligence which manifests culpability, wrongful intent, evil design, or intentional and substantial disregard for the employer's interests or the employe's duties and obligations.* Kentucky Fried Chicken, supra. This definition indicates that before the actions of an employe can constitute willful misconduct, the employe must display a serious disregard of his responsibilities to his employer, in a manner that is in some real sense detrimental to his employer's interests. The question is primarily a matter of degree, and the inquiry must be framed in terms of whether the employe's acts rise to the level of willful misconduct. Loder v. Unemployment Compensation Board of Review, 6 Pa. Commonwealth Ct. 484, 296 A. 2d 297 (1972)." 18 Pa. Commonwealth Ct. at 153-54, 333 A. 2d at 817-18 (emphasis added).

When we compare the present factual situation with the definition of willful misconduct noted above, we conclude that this claimant's actions do not fall within that definition. Of the four categories enunciated in *Kentucky Fried Chicken, supra,* only the first three can be said to bear any relationship to this case. We find that these three categories are also precluded from application by the unique factual circumstances of this case.

Claimant was negligently misdirected by her employer into a false sense of security concerning the waiver of the alleged rule pertaining to pre-employment physical examination. Claimant did not wantonly or willfully disregard her employer's interests by misrepresenting her conditions for employment. She justifiably felt that the

pre-employment physical examination had been waived by her employer when it approved her employment application and assigned her work to perform.

The Board has stressed the unreasonableness of the claimant's refusal to submit to the pre-employment physical examination. The issue of reasonableness is not legally relevant to a disposition of this case. Claimant's reasons for refusal would only be relevant if she had opposed a change in the employer's rules or regulations. Here the refusal to submit to a pre-employment physical examination followed the initial bilateral contract of employment which, through a unilateral mistake of the employer, excused claimant from the application of the general rule.

This is not a case of an employee's refusal to accept an employer's reasonable order or an employer's reasonable change in conditions of continuing employment. *See Tucker v. Unemployment Compensation Board of Review,* 14 Pa. Commonwealth Ct. 262, 319 A. 2d 195 (1974) ; *Druzak v. Unemployment Compensation Board of Review,* 12 Pa. Commonwealth Ct. 481, 315 A. 2d 925 (1974). The fault here is chargeable to the employer, and we will not deny benefits to the claimant because of her employer's oversight.

ORDER

And now, this 8th day of March, 1976, the order of the Unemployment Compensation Board of Review, dated April 15, 1975, relative to the claim of Elizabeth Keller, is hereby reversed.