Luvon Hicks, Petitioner v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued March 2, 1978, before Judges WILKINSON, JR., MENCER and BLATT, sitting as a panel of three.

*John Stember,* for appellant.

*Susan Shinkman,* Assistant Attorney General, with her *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE WILKINSON, JR., March 23, 1978:

Appellant (claimant), a general duty staff nurse for a hospital from August 18, 1975 until April 16, 1976, appeals the order of the Unemployment Compensation Board of Review (Board) which affirmed a referee's denial of benefits on the grounds of willful misconduct, pursuant to Section 402(e) of the Unemployment Compensation Law (Law), Act of December 5, 1936, P.L. (1937) 2897, *as amended,* 43 P.S. §802(e). We affirm the Board.

Claimant was graduated from an accredited nursing school in May 1975. Section 214(4) of The Professional Nursing Law, Act of May 22, 1951, P.L. 317, *as amended,* added by Section 4 of the Act of July 3, 1974, P.L. 432, *as amended,* 63 P.S. §214(4), permits a graduate of an approved program of professional nursing to work "under qualified supervision, during the period not to exceed one (1) year between completion of his or her program and notification of the results of a licensing examination taken by such person, and during such additional period as the [State] Board [of Nurse Examiners] may in each case especially permit." The practice of the State Board of Nurse Examiners is to administer the licensing examinations at least twice a year, in February and July, and to inform applicants of the results of such examinations within approximately two months. Following her graduation, therefore, claimant had at least two opportunities to take the licensing examination and

receive notification of her results within a year of the completion of her program. She did not take the examination either in July 1975 or February 1976. In April 1976, claimant's employer notified her that she was being asked to resign because, at that point, she would not have been able to take the examination and receive notification of her results within the statutory period.

Claimant's application for benefits was denied by the Bureau of Employment Security on grounds of willful misconduct. At a hearing, claimant stated that her plans to take the examination in February 1976 had to be abandoned because her mother had suffered a severe heart attack at that time. She said that she believed that the examination could be taken (and notification of results made) within a year from the time she began work, rather than from the time she was graduated. She testified that each of her three supervisors appeared pleased with her work and that neither they nor any other representatives of the employer had said anything about her having to take the examination by a certain time until the day that she was asked to resign.

A witness for the employer testified that claimant would have known of the statutory licensing requirements through her nursing school program. The witness testified further that the employees are made aware that licensing is a requirement for continued employment at the time of hire. Another witness for the employer described claimant as "a very efficient, competent nurse" and said that claimant had been told at the time she was asked to resign that she would be re-hired if she passed the licensing examination.

The referee found that claimant "was aware, or should have been aware," that she was required to take the licensing examination within a year of graduation in order to continue employment as a registered

nurse. He concluded that her failure to do so was "a course of action so inimical to the employer's best interest that discharge was a natural result." The Board's affirmance and this appeal followed.

In light of the statutory requirement which would have made it illegal for the employer to have retained the claimant as a nurse beyond the one-year period without her having passed the examination and received notification of the results, we agree with the Board that claimant's action in failing to take the examination within that time constitutes a breach of duty and obligation inimical to the employer's interest. This is not a case where claimant took the examination and failed it. Here she did not even take it. As we said in *Millersville State College v. Unemployment Compensation Board of Review*, 18 Pa. Commonwealth Ct. 238, 242, 335 A.2d 857, 859-60 (1975), "[t]his is an important distinction, for we believe that the claimant's failure to make such an attempt constituted willful misconduct, whereas the failure to . . . [pass the examination] in itself would not have done so." The existence of the statute, as well as the testimony that employees were told of the necessity of licensing as a condition of continued employment, renders invalid claimant's assertion that she was unaware that her taking the examination within the statutory period was a regulation of the employer. While perhaps the employer could have done more to insure that claimant was aware of her employment responsibilities, we cannot agree with claimant that there was no evidence that she was not given notice of the licensing requirement. Nor can we agree with her claim that the employer's action was premature in that she could have petitioned the State Board of Nurse Examiners for an extension of the one-year period. The record fails to show that claimant made or planned to make such a petition.

356

Accordingly, we will enter the following

ORDER

Now, March 23, 1978, the order of the Unemployment Compensation Board of Review, at Decision No. B-139379, dated January 7, 1977, is hereby affirmed.