Aleykutty Chacko, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent. St. Luke's and Children's Hospital, Intervenor.

Argued November 14, 1979, before Judges BLATT, CRAIG and MACPHAIL, sitting as a panel of three.

*John A. Wessel,* with him *Alan S. Carpel,* of *Wessel & Carpel,* for appellant-Petitioner.

*Charles Hasson,* Assistant Attorney General, for respondent.

*Doreen S. Davis Rosenfeld,* with her *James T. Lynn, Obermayer, Rebmann, Maxwell & Hippel,* for Intervenor.

OPINION BY JUDGE BLATT, January 31, 1980:

Aleykutty Chacko (claimant) appeals from an order of the Unemployment Compensation Board of Review (Board) which denied her benefits under Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e) for willful misconduct in connection with her employment.

The claimant, a graduate of a foreign nursing school, was employed as a graduate nurse by St. Luke's and Children's Medical Center (employer) in Philadelphia from November 26, 1975 to September 25, 1977. At the time she was hired she was informed that she would have to obtain a letter of permission from the state which would enable her to work for one year as a graduate nurse and that she would then have to take and pass the examination for state licensure as a registered nurse. On July 23, 1976, she obtained an application for the letter of permission, but it was never returned to the state board, although she was

reminded on August 5, 1976, of her noncompliance. On September 30, 1976, the employer received a letter from the State Board of Nurse Examiners indicating that the claimant was not in compliance with state licensing standards. On June 15, 1977, the employer again informed the claimant that she would have to · comply with state licensing standards. Finally, the claimant was discharged on September 25, 1977, for failing both to secure a letter of permission and to take and pass the licensing examination.

In *Hicks v. Unemployment Compensation Board of Review*, 34 Pa. Commonwealth Ct. 352, 383 A.2d 577 (1978), we considered the case of a nurse who failed to take the examination required for licensure and whose services were therefore terminated by her employer. We upheld the Board's determination of willful misconduct, observing:

> In light of the statutory requirement which would have made it illegal for the employer to have retained the claimant as a nurse beyond the one-year period without her having passed the examination and received notification of the results, we agree with the Board that claimant's action in failing to take the examination within that time constitutes a breach of duty and obligation inimical to the employer's interest. This is not a case where claimant took the examination and failed it. Here she did not even take it. As we said in Millersville State College v. Unemployment Board of Review, 18 Pa. Commonwealth Ct. 238, 242, 335 A.2d 857, 859-60 (1975), '[t]his is an important distinction, for we believe that the claimant's failure to make such an attempt constituted willful misconduct, whereas the failure to . . . [pass the examination] in itself would not have done so.'

34 Pa. Commonwealth Ct. at 355, 383 A.2d at 579.

Similarly, we believe that this claimant's failure to obtain a letter of permission or to take the examination as required by law constitutes willful misconduct. The claimant argues that the employer's conduct in allowing her to work as long as she did without proper credentials precludes a finding of willful misconduct, but with this contention we cannot agree. Whether the employer was overly indulgent or merely lax, the fact remains that the claimant had more than sufficient time and warning. Her employer's dilatory enforcement of the state standards provides no excuse for her conduct when she was well aware that meeting state standards was a condition of her employment which had not been waived. Nor do we believe that she was lulled into a false sense of security as was the case in *Unemployment Compensation Board of Review v. Keller*, 23 Pa. Commonwealth Ct. 603, 607, 353 A.2d 485, 487 (1976), where the claimant did not meet the conditions of her employment because of a unilateral mistake "chargeable to the employer." Here, on the contrary, the employer warned the claimant several times about *her* responsibility to comply with state standards.

The claimant's final argument is that she made a good faith effort to comply with the licensing requirements. The burden of demonstrating a good faith effort was on her, however, and the record contains no evidence which would support her assertions. She did not appear or offer any evidence at the hearing, and although she makes factual assertions in her brief regarding the difficulties she encountered in meeting the licensing requirements, we note that there is no indication even there that she made any attempt to communicate her alleged efforts and difficulties either to her employer or to the state board. And it was not her employer's duty, as she suggests, to inquire as to her progress or as to any difficulties she might be having in meeting the state standards.

We must therefore affirm the order of the Board.

ORDER

AND Now, this 31st day of January, 1980, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby affirmed.

Judge DISALLE did not participate in the decision in this case.