Elizabeth G. Adams, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs September 13, 1984, to Judges DOYLE, PALLADINO and BARBIERI, sitting as a panel of three.

*Clement E. Kisailus,* for petitioner.

*Richard F. Faux,* Associate Counsel, with him, *Charles Hasson,* Deputy Chief Counsel, for respondent.

OPINION BY JUDGE DOYLE, November 29, 1984:

Elizabeth G. Adams (Claimant) appeals from an order of the Unemployment Compensation Board of Review (Board) which affirmed a referee's denial of benefits on the grounds of willful misconduct pursuant to Section 402(e) of the Unemployment Compensation Law.[1] We affirm.

Claimant began working as a registered nurse (R.N.) at Little Flower Manor, a nursing home in Wilkes-Barre, Pennsylvania, in October of 1977. On December 7, 1981, it came to the attention of the Director of Nursing at Little Flower Manor that Claimant's nursing license had expired on October 31, 1981. Claimant was advised that she must apply for a new license immediately and also that she must obtain some documentation from the State Board of Nurse Examiners indicating that she was authorized to continue working as a nurse until she received a license. Claimant immediately applied for a new license. On December 9, 1981, Claimant was placed under suspension

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e). This section provides, in part:

An employe shall be ineligible for compensation for any week—

. . . .

(e) In which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work. . . .

by the Director of Nursing and was informed that she had until December 20th to obtain either a valid license or the requested documentation from the State Board of Nurse Examiners. Claimant did neither; she did not report to work or contact her employer again. Sometime in January of 1982 her position was filled by a licensed practical nurse (L.P.N.).

In an unemployment compensation case where the party with the burden of proof has prevailed below, this Court's review is limited to a determination of whether an error of law was committed and whether the Board's findings of fact are supported by substantial evidence. *Wright v. Unemployment Compensation Board of Review,* 77 Pa. Commonwealth Ct. 278, 465 A.2d 1075 (1983).

The Board found, on the basis of substantial evidence in the record, that registered nurses are responsible for renewing their own licenses on a regular basis and that Claimant failed to fulfill this responsibility. Claimant argues that it may have been possible for her to continue working legally for a period of time while waiting for her license. There is no support for this argument in the record,[2] and in any event, it is beside the point. Claimant was instructed as to what she must do to comply with the standards of her employer and was given a reasonable time in which to do it. Her failure to comply constituted the breach of a duty and obligation inimical to her employer's interest. *See Chacko v. Unemployment Compensation Board of Review,* 49 Pa. Commonwealth Ct. 148, 410 A.2d 418 (1980); *Hicks v. Unemployment Compensation Board of Review,* 34 Pa. Commonwealth Ct. 352,

---

[2] We note that Section 3 of The Professional Nursing Law permits only those persons holding licenses to engage in the practice of professional nursing in Pennsylvania. Act of May 22, 1951, P.L. 317, *as amended,* 63 P.S. §213.

383 A.2d 577 (1978). This Court held in *Chacko* and *Hicks* that the failure of a graduate nurse to take the nurse's licensing examination, after having been warned that licensing was a condition of employment, constitutes willful misconduct. Claimant's situation differs very little.

Claimant also points out that she was replaced by an L.P.N., rather than by another R.N., as evidence of an alleged economic motivation for her removal. We find nothing in the record to substantiate a finding that the newly hired L.P.N. was actually paid less than an R.N. would have been paid, but even assuming this was true, this would not negate the fact that Claimant was unlicensed at the time of her suspension and replacement.

Accordingly, we affirm the order of the Board.

ORDER

Now, November 29, 1984, the order of the Unemployment Compensation Board of Review No. B-210837, dated October 15, 1982, is affirmed.

