Unemployment Compensation Board of Review of The Commonwealth of Pennsylvania *v.* Edward Ostrander, Appellant.

584

Argued September 12, 1975, before President Judge BOWMAN and Judges KRAMER and MENCER, sitting as a panel of three.

*Richard A. Stein,* with him *George A. Hahalis* and *Robert Ungerleider,* for appellant.

*Daniel R. Schuckers,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY PRESIDENT JUDGE BOWMAN, November 12, 1975:

It is the declared policy of this Commonwealth under Section 3 of the Unemployment Compensation Law[1] (Act), 43 P. S. §752, to provide economic security to

---

1. Act of December 5, 1936, Second Ex. Sess. P.L. (1937) 2897, *as amended,* 43 P.S. §751 et seq.

persons "during periods when they become unemployed through no fault of their own." Our Supreme Court has said: "That section is not merely a perfunctory preface but is, rather, the keystone upon which the entire Act rests and the basis upon which individual sections of the Act must be interpreted and construed." *Lybarger Unemployment Compensation Case,* 418 Pa. 471, 476, 211 A.2d 463, 466 (1965). The parties in this action ask this Court for an unequivocal determination as to whether or not Section 3 provides an independent substantive basis upon which to deny benefits under the Act.

Here, the claimant, Edward Ostrander, was denied benefits on the basis of Section 3 by the referee and the Unemployment Compensation Board of Review (Board), from which this appeal was taken. The Board, relying on the findings of the referee, concluded that the claimant, a union truck driver, had been fired on June 3, 1974, by his employer, Branch Motor Express, after it was learned that Ostrander had pleaded guilty to a federal charge of "conspiracy to interfere with the civil rights of one Ronald Hengst." These charges arose as a result of the claimant's involvement in an incident on January 31, 1974 when a truck driver was killed on Route 22 during a strike by independent truck drivers early in 1974. On that date, Ostrander had met five or six of these persons at a diner and in an apparent state of intoxication accompanied them to a road passing over Route 22, where some of the men, not Ostrander, threw rocks at passing trucks. The truck of Ronald Hengst was struck and his death resulted. Ostrander's guilty plea resulted.

After he had been discharged from work because of his conviction, Ostrander applied for unemployment compensation benefits. These were denied by the referee and the Board not on the basis of specific ineligibility under Section 402 of the Act,[2] because none of those provisions

---

2.   43 P.S. §802.

applied, but rather upon the aforementioned Section 3 which declares the policy to provide benefits only to those who are out of work "through no fault of their own."[3] Inasmuch as Section 3 is indeed the keystone upon which the entire Act rests, we believe that both the referee and the Board properly grounded the denial of benefits upon a substantive application of Section 3. As the policy declaration in that section clearly implies, the Unemployment Compensation Law is not intended to confer benefits upon faulty individuals merely because they do not fall within one of the specifically enumerated ineligibilities under Section 402 of the Act. For such a declaration to have meaning, therefore, Section 3 must be given a substantive effect and application. Indeed in *Department of Labor and Industry v. Unemployment Compensation Board of Review,* 148 Pa. Superior Ct. 246, 24 A.2d 667 (1942) benefits were denied to an employee on the basis of Section 3 where he had lost his job by reason of his conviction and imprisonment for a crime of theft not connected with his work for his employer. We believe the criminal conviction in this case is of a sufficiently serious nature to support the allegation that Ostrander was indeed at fault for his discharge from work with Branch Motor Express, and benefits, therefore, were properly denied.

Accordingly, we issue the following

### ORDER

AND, NOW, this 12th day of November, 1975, the decision and order of the Unemployment Compensation Board of Review is hereby affirmed.

---

3. The policy language of Section 3 clearly guides the application of the Act to peculiar factual circumstances arising under the specific ineligibilities designated in Section 402. *See, Unemployment Compensation Board of Review v. Budzanoski,* 21 Pa. Commonwealth Ct. 535, 346 A.2d 865 (1975).