54

Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania *v.* Wayne A. Derk, Appellant.

Argued February 6, 1976, before Judges CRUMLISH, JR., WILKINSON, JR., and MENCER, sitting as a panel of three.

*Peter B. Macky,* with him *Joseph A. Campagna, Jr.,* for appellant.

*Charles G. Hasson,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE MENCER, March 16, 1976:

Wayne A. Derk (claimant) appeals to this Court from an order of the Unemployment Compensation Board of Review (Board) which denied him unemployment benefits because of a suspension from his employment with S. & T. Bus Line Company (employer) for reasons which were allegedly "of his own fault."

The record discloses that claimant had been employed as a school bus driver on a part-time basis, pursuant to a contract between his employer and the Shamokin School District. On January 15, 1975, claimant was arrested by local law enforcement officials on an unspecified "morals charge." The acts for which claimant was charged allegedly occurred before the 1974-75 school year and during a period when claimant was not driving buses for the school district. On the same day that claimant was arrested, the school district notified his employer that "because of the morals charge" they would not permit children to ride on a bus driven by claimant. Claimant was therefore suspended by his employer. The record is devoid of any information concerning the subsequent disposition of the criminal charge.

The Bureau of Employment Security denied claimant's petition for benefits on the ground that he had been suspended because of his "willful misconduct connected with his work" under the provisions of Section 402 (e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P. L. (1937) 2897, *as amended,* 43 P.S. §802 (e). A referee affirmed that denial for the same reason. On appeal, the Board correctly concluded that the factual findings could not support a conclusion that the reason for suspension was for activities "connected with his [claimant's] work" as required by

Section 402(e). Instead, the Board found that claimant should be denied benefits because of his violation of the substantive restrictions of Section 3 of the Act, 43 P.S. §752.[1] Section 3 provides:

> "Economic insecurity due to unemployment is a serious menace to the health, morals, and welfare of the people of the Commonwealth. Involuntary unemployment and its resulting burden of indigency falls with crushing force upon the unemployed worker, and ultimately upon the Commonwealth and its political subdivisions in the form of poor relief assistance. Security against unemployment and the spread of indigency can best be provided by the systematic setting aside of financial reserves to be used as compensation for loss of wages by employes during periods *when they become unemployed through no fault of their own.* The principle of the accumulation of financial reserves, the sharing of risks, and the payment of compensation with respect to unemployment meets the need of protection against the hazards of unemployment and indigency. The Legislature, therefore, declares that in its considered judgment the public good and the general welfare of the citizens of this Commonwealth require the exercise of the police powers of the Commonwealth in the enactment of this act for the compulsory setting aside of unemployment reserves to be used for the benefit of *persons unem-*

---

1. We have in the past held Section 3 to be a substantive and determinative provision of the Act. *See Unemployment Compensation Board of Review v. Ostrander,* 21 Pa. Commonwealth Ct. 583, 347 A.2d 351 (1975) ; *Unemployment Compensation Board of Review v. Budzanoski,* 21 Pa. Commonwealth Ct. 535, 346 A.2d 864 (1975). Claimant urges us to reconsider this ruling. After carefully reviewing claimant's brief and our prior cases, we remain convinced of the continuing validity of our holdings in *Ostrander and Budzanoski. See also Department of Labor and Industry v. Unemployment Compensation Board of Review,* 148 Pa. Superior Ct. 246, 24 A.2d 667 (1942).

*ployed through no fault of their own."* (Emphasis added.)

Our scope of review here is confined to questions of law and, absent fraud, to a determination as to whether the Board's findings are supported by the evidence. *Mac-Donald v. Unemployment Compensation Board of Review,* 17 Pa. Commonwealth Ct. 494, 333 A. 2d 199 (1975).

Claimant lists 15 reasons why we should reverse the Board and order compensation. Because of our disposition of this appeal, we need only direct our attention to one of appellant's contentions.

Claimant correctly contends that the Board committed an error of law when it denied him compensation premised on mere findings that he had been *arrested* for a charge involving moral turpitude and suspended because of that arrest. In order to deny compensation under Section 3 of the Act, more is needed than mere evidence of an *arrest* for a crime. The employer must present some evidence showing conduct of the claimant leading to the criminal arrest which is inconsistent with acceptable standards of behavior and which *directly* reflects upon his ability to perform his assigned duties. Of course, no proof of criminal conviction is necessary. *Cf. Commonwealth v. Daugherty,* 9 Pa. Commonwealth Ct. 94, 305 A. 2d 731 (1973).[2] The employer need only produce evidence that would have established fault on the part of the employee which would be incompatible with his work responsibilities.

Returning then to the record at hand, we note that the Board, in setting forth its findings of fact and conclusions, did not give consideration to the foregoing legal concepts. It is therefore impossible for us to properly

---

2. Proof of a criminal conviction, the type of which would directly reflect on the ability of a claimant to continue in the type of position that he held, would constitute highly persuasive, if not controlling, evidence of a violation of the restrictions of Section 3 of the Act.

exercise our appellate review role. *See Unemployment Compensation Board of Review v. Grossman,* 22 Pa. Commonwealth Ct. 550, 349 A. 2d 779 (1976). Accordingly, despite the unfortunate delay, we issue the following

ORDER

AND NOW, this 16th day of March, 1976, the order of the Unemployment Compensation Board of Review relative to the claim of Wayne A. Derk is reversed, and this case is remanded to the Board for a further hearing and the making of additional findings of fact and conclusions of law.