James T. Perdue *v.* Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania. James T. Perdue, Appellant.

Argued October 28, 1976, before Judges WILKINSON, JR., ROGERS and BLATT, sitting as a panel of three.

*William Taggart,* for appellant.

*Daniel R. Schuckers,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE BLATT, February 25, 1977:

James T. Perdue (claimant) appeals from a decision of the Unemployment Compensation Board of Review (Board) which denied him unemployment benefits on the basis that he became unemployed through his own fault.

The claimant had been employed by the General State Authority as a construction inspector for approximately four years when he was indefinitely suspended on October 16, 1974 as a result of a charge brought against him by a retail store for attempted theft by deception. Although this charge was subsequently dropped, Perdue was later found guilty of the lesser offense of retail theft, and was fined $150 by a District Justice. He took no appeal from this conviction which was entered on November 6, 1974, and, at the request of his employer, he resigned from his position effective November 22, 1974.

The Bureau of Employment Security denied Perdue's petition for benefits after determining that his unemployment was due to "willful misconduct connected with his work," and that, as a result, benefits were prohibited by Section 402(e) of the Unemploy-

ment Compensation Law[1] (Law). A referee affirmed the denial, but concluded that the claimant was barred from benefits by Section 3 of the Law, 43 P.S. §752, which provides that unemployment compensation is designed to benefit "persons unemployed through no fault of their own." On appeal to the Board, benefits were first denied under Section 3 as well as under Section 402(b)(1) of the Law, 43 P.S. §802(b)(1), which provides that a claimant is ineligible for compensation if he voluntarily leaves work, but as a result of a rehearing, the Board issued a second order affirming the referee solely on the basis of the declaration of public policy found in Section 3. The claimant appeals to this Court contending that the Board erred as a matter of law because his conduct was "not serious enough" to warrant a denial of benefits.

Section 3 of the Law provides:

Economic insecurity due to unemployment is a serious menace to the health, morals, and welfare of the people of the Commonwealth. Involuntary unemployment and its resulting burden of indigency falls with crushing force upon the unemployed worker, and ultimately upon the Commonwealth and its political subdivisions in the form of poor relief assistance. Security against unemployment and the spread of indigency can best be provided by the systematic setting aside of financial reserves to be used as compensation for loss of wages by employes during periods *when they become unemployed through no fault of their own.* The principle of the accumulation of financial reserves, the sharing of risks, and the payment of com-

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e).

pensation with respect to unemployment meets the need of protection against the hazards of unemployment and indigency. The Legislature, therefore, declares that in its considered judgment the public good and the general welfare of the citizens of this Commonwealth require the exercise of the police powers of the Commonwealth in the enactment of this act for the compulsory setting aside of unemployment reserves to be used *for the benefit of persons unemployed through no fault of their own.* (Emphasis added.)

This section has been held to have a substantive effect and application, apart from the specific grounds for ineligibility found in Section 402 of the Law. *Unemployment Compensation Board of Review v. Derk*, 24 Pa. Commonwealth Ct. 54, 353 A.2d 915 (1976); *Unemployment Compensation Board of Review v. Ostrander*, 21 Pa. Commonwealth Ct. 583, 347 A.2d 351 (1975); *Unemployment Compensation Board of Review v. Budzanoski*, 21 Pa. Commonwealth Ct. 535, 346 A.2d 864 (1975); *Department of Labor and Industry v. Unemployment Compensation Board of Review*, 148 Pa. Superior Ct. 246, 24 A.2d 667 (1942).

As we held in *Unemployment Compensation Board of Review v. Derk, supra,* an employer whose action of dismissal is sustained under Section 3 of the Law must show that the claimant's conduct which resulted in arrest or conviction was inimical to acceptable standards of behavior and directly reflected upon his ability to perform his assigned duties. We believe that the claimant's conviction of a crime of moral turpitude such as theft directly reflects upon his ability to perform the duties required of a construction inspector who is unquestionably in a position of trust.[2]

---

[2] The claimant's own testimony indicates that he feels the conviction would affect his job performance:

We agree, therefore, with the Board that the conviction here was of a sufficiently serious nature to support the conclusion that the claimant is unemployed through his own fault.

Unemployment compensation benefits were properly denied to this claimant and we, therefore, affirm the Board's order.

### ORDER

AND Now, this 25th day of February, 1977, the order of the Unemployment Compensation Board of Review is hereby affirmed.

---

It was a pretty embarrassing situation for one and then working out there in the field with the same guys and (inaudible) on that, it was just—would make things really difficult for me. I mean not only the embarrassment but just everything else because I mean like we work with pretty reputable people and a lot of money. I mean not cash money but I mean figures, preparing millions of dollars worth of estimates and that sort of thing and I—it would be like a cloud over my head and I just didn't want that.