Louis D. Adams, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued November 2, 1978, before Judges MENCER, DiSALLE and CRAIG, sitting as a panel of three.

*John M. Bguski,* with him *Allen T. Lane,* and *Wayman, Irvin & McAuley,* for petitioner.

*William Kennedy,* Assistant Attorney General, with him *Elsa D. Newman,* Assistant Attorney General, and *Gerald Gornish,* Attorney General, for respondent.

OPINION BY JUDGE MENCER, February 16, 1979:

Louis D. Adams (Claimant) appeals a decision of the Unemployment Compensation Board of Review (Board) affirming a referee's denial of compensation which invoked Section 3 of the Unemployment Compensation Law (Act).[1]

Claimant was last employed as a claims manager by Castle Claims Service, Inc. (Employer) where he worked for approximately five months until he was indefinitely suspended on October 21, 1976, following his conviction on charges of conspiracy and mail fraud. The charges and subsequent conviction stemmed from his handling of a fraudulent automobile accident claim while he was employed as a claims manager by an in-

---

[1] Act of December 5, 1936, P.L. (1937) 2897, *as amended,* 43 P.S. §752.

surance company prior to his employment with Castle Claims Service, Inc.[2]

Section 3 has been called the "keystone" of the Act[3] and provides as follows:

> Economic insecurity due to unemployment is a serious menace to the health, morals, and welfare of the people of the Commonwealth. *Involuntary unemployment* and its resulting burden of indigency falls with crushing force upon the unemployed worker. . . . Security against unemployment and the spread of indigency can best be provided by the systematic setting aside of financial reserves to be used as compensation for loss of wages by employes during periods when they become unemployed *through no fault of their own. . . .* The Legislature, therefore, declares that in its considered judgment the public good and the general welfare of the citizens of this Commonwealth require the exercise of the police powers of the Commonwealth in the enactment of this act for the compulsory setting aside of unemployment reserves to be used for the benefit of persons unemployed *through no fault of their own.* (Emphasis added.)

This section has been given substantive effect and application and sets forth a substantive basis upon

---

[2] Claimant testified as to the nature of the charges brought against him:

Well, the first charge, of course, was the conspiracy charge, which in the indictment itself, stated that we all met, that we conspired to have a phony accident performed and would in turn handle this accident which I knew that I was part of the conspiracy. Then the mail fraud just falls in to like, sending drafts to doctors and then doing these various things.

[3] *Lybarger Unemployment Compensation Case*, 418 Pa. 471, 476, 211 A.2d 463, 466 (1965).

which to deny compensation in addition to those specifically enumerated bases for disqualification in Section 402 of the Act.[4] *Strokes v. Unemployment Compensation Board of Review,* 29 Pa. Commonwealth Ct. 584, 372 A.2d 485 (1977); *Perdue v. Unemployment Compensation Board of Review,* 28 Pa. Commonwealth Ct. 641, 369 A.2d 1334 (1977); *Unemployment Compensation Board of Review v. Ostrander,* 21 Pa. Commonwealth Ct. 583, 347 A.2d 351 (1975).

In *Perdue, supra,* we held that benefits were properly denied under Section 3 where a claimant's conduct, which resulted in his conviction, was inimical to acceptable standards of behavior and directly reflected upon his ability to perform his assigned duties.

In the instant case, it is clear to us that Claimant's conduct which led to his conviction constitutes "fault" that is incompatible with his work responsibilities as a claims manager. *See Unemployment Compensation Board of Review v. Derk,* 24 Pa. Commonwealth Ct. 54, 353 A.2d 915 (1976). Additionally, both Claimant and Employer's representative testified that the taint of his conviction has effectively impugned his credibility as a representative of Employer to its insureds and as a court witness. The record thus supports the Board's conclusion that Claimant is unemployed through his own fault and thereby ineligible for compensation.

Claimant urges that the Board's determination be reversed because, at the time of the Board's affirmance of the referee, Claimant had appealed his conviction to the Third Circuit Court of Appeals[5] and, presently, has filed a Writ of Certiorari with the United States Supreme Court which is still pending. Therefore, Claimant argues, his conviction is not final

---

[4] 43 P.S. §802(e).

[5] The Third Circuit affirmed the lower court's decision on March 10, 1978.

and cannot be the basis for a finding of fault on his part.

We find no merit to this contention. While filing an appeal may have the effect of staying commencement of one's sentence and reinstating one's pretrial right to bail (Pa. R. Crim. P. 4010), the adjudication of guilt remains nonetheless final until such time as it is reversed.[6]

Accordingly, we

### ORDER

AND Now, this 16th day of February, 1979, the order of the Unemployment Compensation Board of Review dated February 1, 1977, denying benefits to Louis D. Adams is hereby affirmed.

---

[6] *See Cohen v. Superior Oil Corp.*, 90 F.2d 810 (1937) ; *Emery v. United States*, 27 F.2d 992 (1928).