Lou J. D'Iorio, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued December 8, 1978, before Judges CRUMLISH, JR., BLATT and MACPHAIL, sitting as a panel of three.

*Frank J. Marcone,* for appellant.

*Reese F. Couch,* Assistant Attorney General, with him *Gerald Gornish,* Acting Attorney General, for appellee.

OPINION BY JUDGE CRUMLISH, JR., May 4, 1979:

The Unemployment Compensation Board of Review (Board) disallowed further appeal to Lou J. D'Iorio thereby affirming a referee's denial of benefits. The referee's denial was based on the claimant's being ineligible for compensation under the provisions of Section 3 of the Unemployment Compensation Law (Act),[1] which provides in part:

> Security against unemployment and the spread of indigency can best be provided by the systematic setting aside of financial reserves to be used as compensation for loss of wages by employes during periods when they become unemployed through no fault of their own.

D'Iorio, a five-year veteran of the Criminal Investigation Division (C.I.D.) of the District Attorney's Office of Delaware County, was terminated on February 27, 1976. Denying benefits, the referee made the following findings:

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §752.

2. Claimant was terminated by the District Attorney on February 27, 1976 for socializing with a convicted felon, and the seizure of a photograph of the claimant during a drug raid in a convicted felon's home, which was detrimental to the security of the District Attorney's office.

3. Claimant admitted socializing with this convicted felon when the photograph was taken, and had socialized with him frequently while being in the Criminal Investigation Division.

4. Claimant was aware that this type of behavior was not in the best interest of the position he held and the office of the District Attorney.

The referee concluded that D'Iorio caused his own separation due to his behavior which was detrimental to the security of the District Attorney's office, and which limited his effectiveness as a criminal investigator

We affirm.

Claimant asserts his activities would not, of themselves, make him ineligible to receive benefits. He insists these activities were explainable and bore no relation to his job and, further, that they had no bearing on the investigative efficiency of the District Attorney's office.

We require evidence on the part of the employer that would establish fault on the part of the employee which would be incompatible with work responsibilities. *Unemployment Compensation Board of Review v. Derk*, 24 Pa. Commonwealth Ct. 54, 353 A.2d 915 (1976).

The District Attorney fired D'Iorio because he believed that the conduct fell far below the demands of the position and because the investigative efficiency of the office was necessarily compromised. The

District Attorney testified that Claimant's partially nude photograph was discovered during a drug raid at the residence of a person with a long criminal record. It was brought to the District Attorney's attention that the FBI, U.S. Attorney's Office, Drug Enforcement Agency of the Commonwealth of Pennsylvania, and various local police departments all had knowledge of the discovery of Claimant's picture.

The discovery led to a direct confrontation with the detective who admitted socializing on several occasions with two known felons and of being the individual featured in the picture. Following this meeting, it was determined that the detective's actions and associations severely compromised the investigative efficiency of the office which is built in large measure in trust and cooperation between the various law enforcement agencies, all of which had knowledge of Claimant's associations.

Sordid activities and associations by law enforcement people do, as a general proposition, constitute incompatibility with work responsibilities within the meaning of Section 3.

The admonition of our late brother, Judge KRAMER, in a different context is equally applicable here:

'Twentieth Century America has the right to demand for itself, and the obligation to secure for its citizens, law enforcement personnel whose conduct is above and beyond reproach. The police officer is expected to conduct himself lawfully and properly to bring honor and respect to the law which he is sworn and duty-bound to uphold. He who fails to so comport brings upon the law grave shadows of public distrust. We demand from our law enforcement officers, and properly so, adherence to demanding standards which are higher than those applied to many other professions. It is

a standard which demands more than a forbearance from overt and indictable illegal conduct. It demands that in both an officer's *private* and official lives he do nothing to bring dishonor upon his noble calling and in no way contribute to a weakening of the public confidence and trust of which he is a repository....' (Emphasis in original.)

*Faust v. Police Civil Service Commission,* 22 Pa. Commonwealth Ct. 123, 128-29, 347 A.2d 765, 768-69 (1975).

The detective argues that the findings of the referee were not supported by substantial evidence and contends that undenied testimony was ignored. The testimony of the District Attorney and Claimant's admissions fully support the referee's findings. We reiterate that the compensation authorities are to judge credibility and are not required to accept even uncontradicted testimony as true. *Philadelphia Coke Division, Eastern Associated Coal Corp. v. Unemployment Compensation Board of Review,* 6 Pa. Commonwealth Ct. 37, 293 A.2d 129 (1972).

Claimant contends that the District Attorney was incompetent to testify because he was not in office during the period in which the alleged acts occurred. The nature of Claimant's conduct and associations was not brought to the attention of his superior until after his partially nude photograph was seized in the drug raid. Hence, no one could have testified about this prior activity. We reiterate that evidentiary weight is for the fact-finder. *Roach v. Unemployment Compensation Board of Review,* 31 Pa. Commonwealth Ct. 424, 376 A.2d 314 (1977).

D'Iorio argues finally that he was not permitted a fair opportunity to present evidence at the referee's hearing, but this argument is without merit. Claimant requested that his immediate supervisor be subpoenaed to testify at the hearing. The question at is-

448

sue is what effect the charges had on the District Attorney's office's ability to carry out its prosecutorial function and how Claimant's conduct impeded those responsibilities. Thus, we hold a failure of the referee to subpoena Claimant's superior was not reversible error. Furthermore, Claimant never alleged that his immediate supervisor would testify in his favor.

Claimant's assertion raised for the first time in his brief that he was improperly discharged under the provisions of the "then in force" Home Rule Charter in that only City Council had the authority to dismiss him, is not properly before the Court because not raised below.

Accordingly, we

ORDER

AND Now, this 4th day of May, 1979, the decision of the Unemployment Compensation Board of Review, No. B-138073 with mailing date of December 9, 1976, is affirmed.