Harriet C. B. Blake, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review and Dettra Flag Company, Respondents.

Phyllis S. Finerfrock, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review and Dettra Flag Company, Respondents.

Argued September 11, 1980, before Judges MENCER, ROGERS and WILLIAMS, JR., sitting as a panel of three.

*Brian P. Sullivan*, with him *J. Peirce Anderson, Kane, Pugh, Anderson, Subers & McBrien*, for petitioners.

*Karen Durkin*, Assistant Attorney General, with her *James Bradley*, Assistant Attorney General, *Richard Wagner*, Chief Counsel, and *Harvey Bartle, III*, Acting Attorney General, for respondent, Unemployment Compensation Board of Review.

*Robert K. Loesche*, for respondent, Dettra Flag Company.

OPINION BY JUDGE WILLIAMS, JR., January 29, 1981:

We have consolidated for disposition the appeals of claimants Harriet C. B. Blake and Phyllis S. Finerfrock from two separate orders of the Unemployment Compensation Board, denying benefits to each claimant on the basis of Section 402(e) of the Unemployment Compensation Law (Law).[1] Both of the claimants' applications for benefits had initially been denied by the Bureau of Employment Security on the same grounds; but the denials were overturned by the referee after separate hearings. On appeal by the employer, the Board reversed, and the instant appeals followed. To facilitate discussion, we have changed the sequence of the appeals.

### 498 C.D. 1979

Claimant Phyllis S. Finerfrock was last employed by Dettra Flag Company (employer) as a sewing machine operator for approximately eight years prior to her final work date of April 28, 1978. She was primarily responsible for the sewing of rayon flags, at a final rate of pay of approximately $3.43 per hour. The claimant was discharged for "stealing time" from the company after she admitted to allegations that she was doing private sewing during her hours of employment. Claimant does not dispute the central finding of both the referee and the Board that she did private sewing during work hours; rather, she challenges the Board's denial of benefits under the willful misconduct provision of the Law based on her contention that she did not *deliberately* violate company rules. Regarding that contention, she reasons that her actions cannot be deemed to be a deliberate violation of company rules for the simple reason that there was no written or verbal policy about private work during company hours.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

Although "willful misconduct" is not defined in the Law, the term has been defined by the courts to be any one or more of the following types of behavior: (1) the wanton and willful disregard of the employer's interest; (2) the deliberate violation of rules; (3) the disregard of standards of behavior which an employer can rightfully expect from his employee; or (4) negligence which manifests culpability, wrongful intent, evil design, or intentional and substantial disregard for the employer's interests or the employee's duties and obligations. *Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 90, 309 A.2d 165 (1973).

We conclude that the claimant's use of her working hours for her private sewing activities rises to the level of willful misconduct. The mere fact that there was no specific policy on the subject of private sewing on company time may arguably support the claimant's contention that her conduct did not constitute a deliberate violation of company rules; but that does not detract from the common sense realization that such behavior clearly evidences an intentional and substantial disregard of the employer's interest and of the employee's duties and obligations to the employer. During the time she was supposed to be working for her employer the claimant was using the time to advance independent interests of her own. Accordingly, we affirm the Board's order denying benefits to claimant Finerfrock.

## 488 C.D. 1979

Claimant Harriet C. B. Blake was employed by the Dettra Flag Company for approximately 12½ years prior to her discharge on May 1, 1978. During the last five years of her employment there, she held the position of a department supervisor, charged with the

responsibility of overseeing the production of from 14 to 24 employees, including Phyllis Finerfrock. Claimant Blake was out sick on Friday, April 28, 1978, the date of claimant Finerfrock's dismissal. When she returned to work the following Monday, May 1, 1978, she was informed of Finerfrock's dismissal and that she was also being dismissed for her failure to control the activities of claimant Finerfrock and to prohibit the private sewing.

At the hearing, two Dettra employees testified that claimant Blake was or should have been aware of the private sewing since she worked alongside of Finerfrock while the non-company work was being performed. There was also testimony that a number of other Dettra employees were openly engaged in a wide range of activities during work hours, including the selling of ceramics, candy, raffle tickets and Christmas items. In this regard, the referee found that there was no attempt by Dettra management to curtail those non-work activities. He also found that prior to her discharge, claimant Blake was not questioned by the employer concerning her supervision of claimant Finerfrock. The referee concluded that because the employer failed to confront claimant Blake and give her an opportunity to explain and defend her actions, it had not met its burden of proving willful misconduct. Although we cannot accept that reasoning, it has no bearing on our resolution of this case.

At the outset, we emphasize that there is a critical distinction between the employer's right to terminate employment and the state's right to deny benefits. *Grace v. Unemployment Compensation Board of Review*, Pa. Commonwealth Ct. , 412 A.2d 1128 (1980). A denial of benefits under Section 402(e) must be based upon a finding that the claimant's discharge was due to willful misconduct in connection with his or her work. For unemployment compensa-

tion purposes, willful misconduct implies action of an intentional and deliberate nature that constitutes *inter alia*, a disregard of the employer's interest, or of an employee's duties and obligations, or a disregard of the standards of behavior an employer has a right to expect of employees. *Frazier v. Unemployment Compensation Board of Review*, 49 Pa. Commonwealth Ct. 474, 411 A.2d 580 (1980).

The basis for the Board's denial of benefits to claimant centered upon the finding that she "was or should have been aware" of the private sewing activities of her supervisee, Phyllis Finerfrock. We believe that finding is not sufficient to support a denial of benefits to claimant on the basis of willful misconduct. Even if claimant Blake was in fact aware of the private sewing activities, there are no findings which indicate what she did or did not do in light of that awareness. The findings of fact fail to indicate, for example, if claimant deliberately turned her back on or concealed what Finerfrock was doing, or consciously did nothing about it; or if she, on the other hand, either directly or indirectly, affirmatively aided in the conduct of the private sewing activities. In other words, there is no finding as to a necessary element. *Miller v. Unemployment Compensation Board of Review*, 52 Pa. Commonwealth Ct. 151, 415 A.2d 454 (1980). In order to support a conclusion that claimant Blake is guilty of willful misconduct and thus precluded from receiving unemployment benefits, the findings of fact must reflect not only a knowledge of Finerfrock's activities, but also some act or omission in light of that knowledge that clearly evidences behavior that constitutes willful misconduct in a legal sense.

Whether or not a claimant's conduct rises to the level of willful misconduct is a question of law. *Kentucky Fried Chicken of Altoona, Inc., supra.* Absent adequate findings of fact by the referee, proper ap-

pellate review for errors of law is impossible, *Miller, supra; Curtis v. Unemployment Compensation Board of Review,* 32 Pa. Commonwealth Ct. 462, 379 A.2d 1069 (1977). In the case at bar, the state of the referee's findings does not enable this Court to determine whether the claimant's knowledge of the sewing activities was a part of a course of conduct constituting willful misconduct. Accordingly, we must remand the case of claimant Blake to the Board for additional findings of fact.

ORDER IN 488 C.D. 1979

AND Now, the 29th day of January, 1981, the above matter is remanded to the Unemployment Compensation Board of Review for further findings of fact consistent with the annexed opinion.

ORDER IN 498 C.D. 1979

AND Now, the 29th day of January, 1981, the order of the Unemployment Compensation Board of Review in the above matter is affirmed.