William A. Kilpatrick, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued March 4, 1981, before President Judge CRUMLISH and Judges WILLIAMS, JR. and CRAIG, sitting as a panel of three.

*Michelle R. Terry*, for petitioner.

*Karen Durkin*, Assistant Attorney General, with her *Elsa D. Newman-Silverstein*, Assistant Attorney General, *Richard Wagner*, Chief Counsel, and *Harvey Bartle, III*, Attorney General, for respondent.

OPINION BY JUDGE WILLIAMS, JR., May 7, 1981:

Claimant appeals to this Court to reverse the decision of the Unemployment Compensation Board of Review (Board), which upheld a referee's determination that claimant is not entitled to benefits under Section 402(e) of the Unemployment Compensation

Law (Act), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e), for willful misconduct. We affirm the order of the Board.

Claimant had been employed as a fabricator by the Westinghouse Electric Company for over nineteen years, when he became involved in an incident on his employer's premises which necessitated his hospitalization. The Board found that on May 16, 1979, at approximately 10:30 P.M., the claimant participated in an altercation with another employee.[1] Immediately thereafter, the claimant, when questioned by his supervisor, stated that the fellow employee and he had had a disagreement, and had decided to step outside to settle the matter.[2]

The employer suspended claimant for five days, later changing the suspension to a discharge for violating the employer's rules against fighting and disorderly conduct on the premises.

At the hearing, claimant testified that he had not stepped outside to fight, but rather to get a breath of fresh air, and that his injury was caused by a blow from an unseen assailant. He stated that he remembered nothing from the moment he received the blow until he woke up in the hospital, that he has no recollection of any conversation with the supervisor concerning a fight.

Our scope of review in the absence of fraud, is confined to questions of law and a determination of whether the findings of the Unemployment Compensation Board of Review are supported by the evidence, leaving to the Board questions of credibility and weight of the evidence and giving to the prevailing party the benefit of any favorable infer-

---

[1] Finding number 2.
[2] Finding number 3.

ences which can reasonably and logically be drawn therefrom.

*Horace W. Longacre, Inc. v. Unemployment Compensation Board of Review*, 12 Pa. Commonwealth Ct. 176, 178, 316 A.2d 110, 111 (1974).

Testimony in this case was definitely conflicting. Claimant's supervisor testified for the employer, and claimant and another employee, Mr. Trull, testified in claimant's behalf. Mr. Trull's testimony corroborated certain portions of claimant's testimony, and contradicted certain parts of the supervisor's testimony. It is quite clear, however, that only claimant and the supervisor were present at the conversation wherein claimant allegedly admitted that he had been fighting. The Board did not disregard the conflict; indeed, it noted in its decision that "[t]here is a conflict in the testimony which the Board has determined to resolve in favor of the employer."

Willful misconduct has been repeatedly defined by this Court as an act of wanton or willful disregard of the employer's interests, a deliberate violation of the employer's rules, a disregard of the standards of behavior which the employer has a right to expect of an employee, or negligence indicating an intentional disregard of the employer's interests or the employee's duties and obligations to the employer. *Murraysville Telephone Co. v. Unemployment Compensation Board of Review*, 41 Pa. Commonwealth Ct. 35, 398 A.2d 250 (1979). We have previously held that participation in a fight during working hours is willful misconduct, whether it is in violation of a stated company policy or not, since at minimum it rises to the level of a disregard of justifiably expected standards of behavior and of the employer's interests. *Unemployment Compensation Board of Review v. Vojtas*, 23 Pa. Commonwealth Ct. 431, 351 A.2d 700 (1976). Here, fighting was prohibited by the most stringent company rules,

which indicate the possibility of immediate discharge for such an offense.

In a termination for willful misconduct, the burden of proving the misconduct is on the employer. *Gallagher v. Unemployment Compensation Board of Review,* 36 Pa. Commonwealth Ct. 599, 388 A.2d 785 (1978). The only evidence introduced by the employer to establish the fighting which constitutes the willful misconduct is the injured condition of the claimant coupled with his alleged statement that he had been fighting. Since the Board accepted the employer's testimony as true, we must determine whether the evidence will sustain the findings.

Claimant directs the Court's attention to *Walker v. Unemployment Compensation Board of Review,* 27 Pa. Commonwealth Ct. 522, 527, 367 A.2d 366, 370 (1976), in which we said that

hearsay evidence admitted without objection will be given its natural probative effect and may support a finding of the Board, if it is corroborated by any competent evidence in the record, but a finding of fact based solely on hearsay will not stand.

However, an admission of a party is an exception to the hearsay rule. 1 Henry, Pennsylvania Evidence, §71 *et seq. See also, Unemployment Compensation Board of Review v. Houp,* 20 Pa. Commonwealth Ct. 111, 340 A.2d 588 (1975), in which this Court approved the admission into evidence of a written admission, because it was a commonly acknowledged exception to the hearsay rule.

Since the Board accepted as credible the employer's statement of claimant's admission, that admission, not being hearsay, is competent to sustain a finding that claimant was fighting.

We therefore affirm the decision and order of the Board.

## ORDER

AND NOW, this 7th day of May, 1981, the decision and order of the Unemployment Compensation Board of Review, Decision No. B-176478, is hereby affirmed.

Judge WILKINSON, JR. did not participate in the decision in this case.