Jean D. Clark, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued June 4, 1985, before Judges CRAIG and COLINS, and Senior Judge BARBIERI, sitting as a panel of three.

234

*Andrew F. Erba,* for petitioner.

*Charles G. Hasson,* Acting Deputy Chief Counsel, for respondent.

OPINION BY JUDGE CRAIG, August 20, 1985:

Jean Clark appeals an order of the Unemployment Compensation Board of Review which affirmed a referee's denial of benefits based on its conclusion that Clark was not "unemployed through no fault of [her] own" under Section 3 of the Unemployment Compensation Law.[1] Although section 3 is a declaration of public policy, the courts have given it substantive effect by interpreting it as providing an independent basis for denial of benefits. *Miles v. Unemployment Compensation Board of Review,* 86 Pa. Commonwealth Ct. 186, 484 A.2d 418 (1984).

The City of Philadelphia's Office of Housing and Community Development (O.H.C.D.) discharged the claimant from her job as a Community Worker I because she had been convicted of two counts of perjury before a grand jury investigating corruption in a City

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937), 2897 *as amended,* 43 P.S. §§751-771.

of Philadelphia program for which the claimant had previously worked. We must determine[2] whether substantial evidence supports the board's findings and conclusion that those criminal convictions were so incompatible with Clark's responsibilities as a community worker as to render her unemployment attributable to her own fault.

This case has been through numerous appeals, remands, and rehearings, including an earlier appearance before this court in *Clark v. Unemployment Compensation Board of Review*, 80 Pa. Commonwealth Ct. 513, 471 A.2d 1309 (1984). *(Clark I)*. At that juncture, the court reviewed the board's denial of benefits under Section 3, and noted that, according to *Unemployment Compensation Board of Review v. Derk*, 24 Pa. Commonwealth Ct. 54, 353 A.2d 915 (1976), a criminal arrest is not, per se, sufficient grounds for a denial of benefits based on section 3. Rather, "[t]he employer must present some evidence showing conduct of the claimant leading to the criminal arrest which is inconsistent with acceptable standards of behavior and which directly reflect upon his ability to perform his assigned duties." *Id.* at 57, 353 A.2d at 917.

In *Clark I*, the court reviewed the board's decision which included a finding that the claimant had been convicted of perjury, but no finding regarding the nature of the claimant's assigned duties in her position as community worker. Without such a finding, we could not apply the legal standard articulated in *Derk*, and we therefore remanded to the board with specific instructions to make an appropriate finding regarding

---

[2] Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704, limits our scope of review to a determination of whether a party's constitutional rights were violated, an error of law was committed, or necessary findings of fact were not supported by substantial evidence.

the nature of the claimant's work, and to determine her eligibility for benefits under section 3.[3]

Upon remand, the board made the following additional findings of fact:

> The claimant's assigned duties as a community worker with the employer required that she deal directly with the program funded by the city for the benefit of local citizens.
>
> Claimant's position as a community worker was one requiring honesty and integrity.

The board concluded that the perjury convictions were incompatible with the claimant's job responsibilities, and that the claimant was therefore unemployed through fault of her own, and was ineligible for benefits under section 3. This appeal followed.

The claimant contends that substantial evidence does not support those two additional findings of fact, and that there is no basis for the board's conclusion that the claimant's perjury convictions were incompatible with her job responsibilities.

At the remand hearing, the personnel officer from O.H.C.D. testified that a Community Worker I's job duties include acting as a liaison between the city and various neighborhood groups that attempt to overcome community social problems, organizing and assisting those groups in identifying their priorities and objectives, and directing the groups to the appropriate public agencies that can provide the financial assistance needed to attain those objectives. The community worker functions primarily on his own, working in the neighborhood with representatives of the community groups and public agencies. The job requires the com-

---

[3] The court specifically directed the board to determine section 3 eligibility because on previous occasions, the compensation authorities had addressed Clark's eligibility in terms of section 402(e) or cases under that section, dealing with willful misconduct.

munity worker to prepare reports for the O.H.C.D. on particular organizations and their activities, and to make recommendations to O.H.C.D. regarding funding for the various groups.

The claimant contends that the perjury convictions do not directly reflect on her ability to perform her job because her work for O.H.C.D. did not entail any final decision making with regard to the funding of organizations, but was strictly an advisory position.

However, ultimate funding decisions were based, at least in part, on the reports and recommendations that she made to O.H.C.D. Obviously, the higher level employees at O.H.C.D. who act on those reports must be able to rely on the truth of statements contained therein. By the same token, the community worker is in a position of trust in relation to the neighborhood groups which depend on the community worker's guidance in assisting the groups to achieve their goals. Further, because the job is largely unsupervised field work, the O.H.C.D. must be able to rely on the community worker's word with regard to when and where he is working.

Therefore, the city reasonably requires a person of honesty and integrity to fill the position of Community Worker I, the responsibilities of which are incompatible with two perjury convictions. *Compare Perdue v. Unemployment Compensation Board of Review*, 28 Pa. Commonwealth Ct. 641, 369 A.2d 1334 (1977) (claimant's conviction of retail theft directly reflected upon his ability to perform duties required of a construction inspector, a position of trust) *with Drumm v. Unemployment Compensation Board of Review*, 75 Pa. Commonwealth Ct. 449, 462 A.2d 345 (1983) (record did not reflect sufficient nexus between claimant's arrest on morals charges and his ability to perform his job as machine operator).

238

We conclude that substantial evidence supports the board's findings and conclusions that Clark is unemployed through her own fault, and is therefore ineligible for benefits under section 3.

Accordingly, we affirm.

ORDER

Now, August 20, 1985, the order of the Unemployment Compensation Board of Review at No. B-187391-G, dated July 3, 1984, is affirmed.