546 A.2d 750

Howard L. Robinson, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

134

Submitted on briefs May 18, 1988, to Judges DOYLE and McGINLEY, and Senior Judge KALISH, sitting as a panel of three.

*J. Scott Leckie, Yablonski, Costello & Leckie,* for petitioner.

*Timothy Burke,* Assistant City Solicitor, with him, *D. R. Pellegrini,* City Solicitor, for respondent, City of Pittsburgh.

OPINION BY JUDGE DOYLE, August 23, 1988:

Howard L. Robinson (Claimant) petitions for review of an order of the Unemployment Compensation Board of Review (Board), which found him ineligible for benefits under Section 402(e) (willful misconduct) of the Unemployment Compensation Law (Law).[1] We vacate and remand.

Claimant was employed by the City of Pittsburgh (Employer) as the "co-driver" of a sanitation truck. A "co-driver" is the member of the sanitation truck crew who drives the vehicle when the principal driver is unavailable. On February 25, 1987, Claimant, while off duty, was involved in a serious motor vehicle accident. On that date, his pick-up truck struck and killed a pedestrian, and then struck a car. The accident was allegedly due to Claimant's operating his vehicle while under the influence of alcohol. A Pittsburgh television station broadcast news of the accident, and identified Claimant as a Pittsburgh sanitation worker. The *Pittsburgh Post Gazette,* a newspaper, also carried an article the following day about the accident in which it identified Claimant as the driver of a Pittsburgh sanitation truck. Claimant's involvement in the accident led to criminal charges being filed against him.

Claimant was initially suspended from his job on the ground that his involvement in the accident constituted conduct unbecoming a City of Pittsburgh employee. He was discharged by Employer on April 9, 1987 on the same basis.

Claimant filed for unemployment benefits with the Office of Employment Security (OES), which found him ineligible for benefits under both Section 402(e) *and* Section 3 of the Law, 43 P.S. §752. Claimant appealed,

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

and after hearings before a referee, the referee found Claimant ineligible for benefits *solely* on the basis of Section 3. On appeal to the Board, the Board found that Claimant was properly disqualified under Section 402(e). This appeal followed.[2]

Claimant's first argument is that the Board's findings of fact concerning the accident were unsupported by substantial evidence. Claimant asserts that the evidence presented by Employer to prove that Claimant had been involved in a serious vehicle accident while under the influence of alcohol, which consisted in the main of a police report, an alcohol influence report prepared by the police, and a newspaper clipping, was inadmissible hearsay. While these documents are hearsay, a witness for Employer testified that Claimant admitted at his civil service removal hearing that the facts contained in these documents were true [N.T. 12]. Since admissions by a party opponent are an exception to the hearsay rule, the Board could properly consider the reports and the article as substantive evidence under the circumstances. *See Kilpatrick v. Unemployment Compensation Board of Review*, 59 Pa. Commonwealth Ct. 201, 429 A.2d 133 (1981).

Next, Claimant contends that the Board erred in finding Claimant ineligible for benefits under Section 402(e), rather than analyzing Claimant's case under Section 3. We agree. Section 402(e) of the law states that an employee shall be ineligible for unemployment com-

---

[2] Our scope of review over decisions of the Unemployment Compensation Board of Review is limited to determining whether constitutional rights or the provisions of 2 Pa. C. S. §§501-508 have been violated, an error of law has been committed, and whether the Board's essential findings of fact are unsupported by substantial evidence. 2 Pa. C. S. §704; *Kirkwood v. Unemployment Compensation Board of Review*, 106 Pa. Commonwealth Ct. 92, 525 A.2d 841 (1987).

pensation for any week "in which his unemployment is due to his discharge . . . *from work for willful misconduct, . . .*" (Emphasis added.) Section 3, by contrast, is used to disqualify Claimants who become unemployed through their own fault due to off-duty misconduct. *Pisarek v. Unemployment Compensation Board of Review,* 110 Pa. Commonwealth Ct. 222, 532 A.2d 54 (1987). The difference between Section 3 and Section 402(e) was aptly stated by Judge BARBIERI in *Southeastern Pennsylvania Transportation Authority v. Unemployment Compensation Board of Review,* 96 Pa. Commonwealth Ct. 38, 506 A.2d 974 (1986) as follows:

> Section 402(e) is used to disqualify claimant for *work-related* misconduct. Section 3 is used to disqualify claimants for *non-work-related* misconduct which is inconsistent with acceptable standards of behavior and which directly affects the claimant's ability to perform his assigned duties.

*Id.* at 42, 506 A.2d at 977 (emphasis in original). However, off-duty misconduct which has a direct effect on claimant's job, such as an employee's failure to acquire or maintain a state license necessary for employment, may be analyzed under either section. *Compare Jones v. Unemployment Compensation Board of Review,* 513 Pa. 45, 518 A.2d 1150 (1986) (Claimant disqualified under Section 3 for failure to obtain teacher's license) with *Adams v. Unemployment Compensation Board of Review,* 86 Pa. Commonwealth Ct. 238, 484 A.2d 232 (1984) (Claimant disqualified under Section 402(e) for failure to obtain nurses license) and *Chacko v. Unemployment Compensation Board of Review,* 49 Pa. Commonwealth Ct. 148, 410 A.2d 418 (1980) (same fact situation as *Adams*).

We have often held that where a claimant is discharged from his job for off-duty criminal misconduct

unrelated to his work, the claimant's eligibility for unemployment benefits must be analyzed under Section 3. *See, e.g., Masom v. Unemployment Compensation Board of Review,* 107 Pa. Commonwealth Ct. 616, 528 A.2d 1057 (1987); *Unemployment Compensation Board of Review v. Ostrander,* 21 Pa. Commonwealth Ct. 583, 347 A.2d 351 (1975). For example, in *Unemployment Compensation Board of Review v. Derk,* 24 Pa. Commonwealth Ct. 54, 353 A.2d 915 (1976), a case where the claimant, a school bus driver, was arrested on morals charges unrelated to his employment, we stated "the Board *correctly* concluded that the factual findings could not support a conclusion that the reason for [Claimant's] suspension was for activities 'connected with his work' as required by Section 402(e)." *Id.* at 55-56, 353 A.2d at 916-917 (emphasis added).

Another case which supports this principle is *Perdue v. Unemployment Compensation Board of Review,* 28 Pa. Commonwealth Ct. 641, 369 A.2d 1334 (1977). In *Perdue,* the claimant was employed by the Commonwealth as a construction inspector. He was convicted of retail theft and left his job. He initially applied to the Bureau of Employment Security[3] for benefits, which found him ineligible for benefits under Section 402(e). We held in *Perdue* that the case was properly analyzed under Section 3.

In the case before us, the Claimant was off-duty and on his own personal business at the time of the accident. The accident had no connection to his work, and, thus, the application of Section 3 is required.

The Board reasoned in this case that Section 402(e) could be applied where a municipality may discharge a municipal employee for off-duty misconduct which reflects on his character and fitness to perform his job. In

---

[3] Now the Office of Employment Security.

support of this proposition, the Board cites *Zeber Appeal*, 398 Pa. 35, 156 A.2d 821 (1959), a civil service case, where our Supreme Court upheld the removal of a fireman convicted of off-duty, non-work-related morals offenses. While it is true that municipal employees such as policemen, firemen and school crossing guards may be *discharged* for off-duty conduct unbecoming a municipal employee, *Zeber Appeal; Civil Service Commission of the City of Philadelphia v. Wiseman*, 93 Pa. Commonwealth Ct. 358, 501 A.2d 350 (1985), the fact that an employee can be discharged for off-duty misconduct does not make this misconduct work-connected for the purposes of Section 402(e). As we have often said, "there is a critical distinction between the employer's right to terminate employment and the state's right to deny unemployment benefits." *Blake v. Unemployment Compensation Board of Review*, 56 Pa. Commonwealth Ct. 358, 362, 425 A.2d 43, 45 (1981). We cannot ignore the explicit language of Section 402(e) that a claimant is ineligible for benefits *only* where the misconduct is connected with work. *See* Section 1921(b) of the Statutory Construction Act of 1972, 1 Pa. C. S. §1921(b).

Employer's theory as to why Section 402(e) is applicable to this case is slightly different than the Board's. It asserts that our decision in *Dunbar v. Unemployment Compensation Board of Review*, 82 Pa. Commonwealth Ct. 575, 475 A.2d 1355 (1984) stands for the proposition that "unlawful off-duty conduct which would reflect badly on a claimant's fitness or ability to work constitutes willful misconduct under . . . section [402(e)]." *Dunbar* does not support this proposition, however, since it is a case decided under Section 3.[4] Consequently, Employer's argument must also fail.

---

[4] In *Dunbar v. Unemployment Compensation Board of Review*, 82 Pa. Commonwealth Ct. 575, 475 A.2d 1355 (1984), the claimant was employed by the Commonwealth as a maintenance

Our review of the record indicates that the Board failed to make findings relevant to the Section 3 issue. Thus, this case must be remanded because an appellate court may not fill a factual void. *Guth v. Unemployment Compensation Board of Review*, 81 Pa. Commonwealth Ct. 79, 473 A.2d 228 (1984). Under Section 3, the employer must show (1) that the claimant's conduct was contrary to acceptable standards of behavior, and (2)

---

man. As the result of a domestic altercation, Dunbar was charged with aggravated assault, incarcerated, and later convicted of that crime. While serving his sentence, he was discharged by the Commonwealth. Although the Board denied claimant benefits under Section 402(e), we first determined that Section 402(e) was inapplicable and then analyzed the case under Section 3 and granted benefits. Our analysis was as follows:

> Although the executive may and properly does require that Commonwealth employees should obey the law off the job as well as on and may discharge them for failing to do so, a worker is not ineligible for unemployment compensation unless his discharge is for willful misconduct connected with his work. Adams v. Unemployment Compensation Board of Review, 40 Pa. Commonwealth Ct. 486, 397 A.2d 861 (1979); Gallagher, 36 Pa. Commonwealth Ct. 599, 388 A.2d 785 (1978).
>
> The events which resulted in the claimant's arrest and conviction did not occur while the claimant was at work. Further, his unlawful conduct was not of a kind which would reflect badly on his fitness or ability to be a maintenance repairman, in contrast with the conduct of the claimants in Adams v. Unemployment Compensation Board of Review, 40 Pa. Commonwealth Ct. 486, 397 A.2d 861 (1979) (claims manager convicted of conspiracy and mail fraud); Perdue v. Unemployment Compensation Board of Review, 28 Pa. Commonwealth Ct. 641, 369 A.2d 1334 (1977) (construction inspector convicted of retail theft); Unemployment Compensation Board of Review v. Derk, 24 Pa. Commonwealth Ct. 54, 353 A.2d 915 (1976) (school bus driver convicted of a morals charge).

*Id.* at 579, 475 A.2d at 1357. It must be noted that every case cited in the above-quoted passage from *Dunbar* was a Section 3 case.

that the conduct in question directly reflects upon claimant's ability to perform his assigned duties. *Johnson v. Unemployment Compensation Board of Review,* 94 Pa. Commonwealth Ct. 24, 502 A.2d 738 (1986); *Derk.* In determining whether Employer has carried its burden in showing claimant's ineligibility for benefits, the Board should make specific findings on the following: (1) the nature of Claimant's assigned duties; (2) the specific nature of the offense commited by Claimant; (3) whether Claimant's job required any special degree of trust on the part of Employer, considering whether the Claimant works with items of value and whether he is normally under the direct supervision of Employer; and (4) any other circumstances which may particularly affect Claimant's ability to do his job, including whether the crime occurred on or off Employer's premises, and whether or not it involved any of Employer's other workers or clients. *Sheaffer v. Unemployment Compensation Board of Review,* 92 Pa. Commonwealth Ct. 431, 499 A.2d 1121 (1985); *see also Snelson v. Unemployment Compensation Board of Review,* 93 Pa. Commonwealth Ct. 539, 502 A.2d 734 (1985). Upon remand, the Board may, in its discretion, allow oral argument and the filing of briefs by the parties on the Section 3 issue.

Accordingly, the Board's order is vacated and the case remanded for further proceedings.[5]

### ORDER

Now, August 23, 1988, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby vacated and the case remanded for further proceedings consistent with this opinion.

Jurisdiction relinquished.

---

[5] Given our disposition of the case, we do not pass upon Claimant's contention that the Board's *sua sponte* shifting of the basis of Claimant's disqualification violated 34 Pa. Code §101.107.

DISSENTING OPINION BY SENIOR JUDGE KALISH:

I agree that Section 402(e) of the Unemployment Compensation Law (Law)[1] disqualifies claimant for unemployment compensation benefits for *work-related* misconduct, whereas section (3) of the Law, 43 P.S. §752, as an independent basis for the denial of compensation, disqualifies for *non-work-related* misconduct. However, as Judge BARBIERI indicated in *Southeastern Pennsylvania Transportation Authority v. Unemployment Compensation Board of Review,* 96 Pa. Commonwealth Ct. 38, 506 A.2d 974 (1986), the non-work-related misconduct must directly affect the claimant's ability to perform his assigned duties. Willful misconduct, under section 402(e) may include conduct which disregards the employee's duties and obligations to his employer, thus affecting his ability to perform his assigned duties.

In both instances, the conclusions reached, upon analysis, are questions of law. *Kalenevitch v. Unemployment Compensation Board of Review,* 109 Pa. Commonwealth Ct. 549, 531 A.2d 590 (1987); *D'Iorio v. Unemployment Compensation Board of Review,* 42 Pa. Commonwealth Ct. 443, 400 A.2d 1347 (1979). That is why, as the majority indicates, some of these cases have been analyzed under either section.

In *Unemployment Compensation Board of Review v. Derk,* 24 Pa. Commonwealth Ct. 54, 353 A.2d 915 (1976), brought under section 402(e), the court could not decide the case even under section 3, since the claimant was simply "arrested" for a morals charge, and an arrest could not supply the necessary substantial evidence, "which directly reflects upon his ability to perform his assigned duties." *Id.* at 57, 353 A.2d 917.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

In *Perdue v. Unemployment Compensation Board of Review*, 28 Pa. Commonwealth Ct. 641, 369 A.2d 1334 (1977), the claimant was employed as a construction inspector and was found guilty of retail theft while off duty. Under such circumstances, this court held that the claimant's conviction reflected upon his ability to perform his duties as a construction worker.

I see no necessity to remand for section 3 findings. The evidence and record are clear that claimant drove a sanitation truck for the City of Pittsburgh, and the majority considered, as substantive evidence, claimant's admission that he was intoxicated while driving off duty and was involved in an accident in which a person was killed. Certainly, nothing more is needed to come to a reasonable conclusion that claimant's conduct reflects upon his ability to perform his assigned duties.

Accordingly, I would affirm the order of the Board.