Vickie L. MARTIN, Petitioner,

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW,**
Respondent.

Commonwealth Court of Pennsylvania.

Submitted March 27, 1998.
Decided June 25, 1998.

Thomas S. Roman, Jr., Wyomissing, for petitioner.

Maribeth Wilt-Seibert, Asst. Counsel, and Clifford F. Blaze, Deputy Chief Counsel, Harrisburg, for respondent.

Before DOYLE and FLAHERTY, JJ., and MIRARCHI, Jr., Senior Judge.

MIRARCHI, Jr., Senior Judge.

Vickie L. Martin (Claimant) appeals from an order of the Unemployment Compensation Board of Review (Board) which denied her unemployment benefits pursuant to Section 3 of the Unemployment Compensation Law (Law).[1]

Claimant was employed by Associated Wholesalers, Inc./Shur Fine Markets (Employer) as a produce clerk from December 1996 until she was discharged on April 17, 1997. The Job Center granted Claimant's application for unemployment benefits, determining that she was not ineligible for benefits under Section 402(e) of the Law, 43 P.S. § 802(e) (willful misconduct). After a hearing, at which Claimant and Employer's witnesses testified, the referee reversed the Job Center's determination and denied Claimant benefits under Section 3 of the Law.

The relevant facts found by the Board on appeal are as follows. In early April 1997, Employer's store manager read a newspaper article which indicated that Claimant may have been involved in criminal activities outside the place of her employment. Employer then researched the court record at the Berks County Courthouse and learned that Claimant had been convicted of theft by unlawful taking or disposition in January 1997. On April 10, 1997, Employer confronted Claimant regarding her outside criminal activities. Claimant initially denied the allegations, but ultimately admitted that she had been arrested and convicted of the charge in question. On April 17, 1997, Employer discharged Claimant based on her conviction of the criminal charge.

Based on these findings, the Board affirmed the referee's decision and denied Claimant benefits under Section 3 of the Law. The Board concluded that Claimant's conduct was inconsistent with the acceptable standards of behavior and directly reflected on her ability to perform the duties as a produce clerk. Claimant's appeal to this Court followed.[2]

■ Where, as here, the claimant was discharged for off-duty criminal misconduct unrelated to his or her work, the eligibility for benefits must be analyzed under Section 3 of the Law. *Gillins v. Unemployment Compensation Board of Review,* 534 Pa. 590, 633 A.2d 1150 (1993); *Robinson v. Unemployment Compensation Board of Review,* 119 Pa.Cmwlth. 133, 546 A.2d 750 (1988). To establish the claimant's ineligibility for benefits under Section 3, the employer must establish that the claimant's conduct leading to the criminal arrest (1) is inconsistent with acceptable standards of behavior, and (2) directly reflects upon his or her ability to perform the assigned duties. *Unemployment Compensation Board of Review v. Derk,* 24 Pa.Cmwlth. 54, 353 A.2d 915 (1976).

■ Claimant admitted that while employed by Employer, she had been convicted of the criminal charge of theft by unlawful taking or disposition. On appeal, Claimant does not dispute that such criminal act is inconsistent with acceptable standards of behavior for employees. Therefore, Employer met the first prong of the test for determining Claimant's ineligibility for benefits under Section 3 of the Law.

In determining the claimant's ineligibility for benefits under the second prong of the test, i.e., whether the claimant's criminal conduct directly reflects upon his or her ability

---

1. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 752. Section 3 of the Law sets forth the Legislature's declaration of public policy that workers, who become "unemployed through no fault of their own," should receive unemployment benefits.

2. This Court's scope of review of the Board's decision is limited to determining whether the Board's adjudication is in violation of constitutional rights, whether an error of law was committed, or whether all necessary findings of fact are supported by substantial evidence. *Apple v. Unemployment Compensation Board of Review,* 126 Pa.Cmwlth. 195, 559 A.2d 87 (1989).

to perform the job, the following factors are relevant: (1) the nature of the job duties assigned to the claimant; (2) the nature of the criminal offense committed by the claimant; (3) whether the claimant's job required any special degree of trust on the part of the employer; and, (4) any other relevant circumstances which may affect the claimant's ability to do his or her job. *Robinson; Sheaffer v. Unemployment Compensation Board of Review*, 92 Pa.Cmwlth. 431, 499 A.2d 1121 (1985). No single factor is necessarily dispositive of the issue of whether the claimant's conduct reflects adversely on his fitness to do his or her job. *Snelson v. Unemployment Compensation Board of Review*, 93 Pa.Cmwlth. 539, 502 A.2d 734 (1985).

Claimant contends that her conviction of theft by unlawful taking or disposition does not directly reflect upon her ability to perform the assigned duties because the criminal offense was committed outside Employer's premises and did not involve Employer's employees or its customers, and because her job duties did not require Employer's trust. We disagree.

In the termination letter dated April 17, 1997, Employer stated: "The nature of our retail business causes us to deal daily with products and/or cash loss. We simply cannot in good faith continue to employ someone who has been convicted of the very thing we focus much of our efforts upon to eliminate."

On appeal, Claimant does not challenge the Board's finding that she "had day-to-day access to store merchandise." Board's Findings of Fact No. 6. Because Claimant worked as a clerk at the retail establishment where she had daily access to the merchandise, her assigned duties required a special degree of Employer's trust. Under these circumstances, Claimant's conviction of the theft charge was incompatible with her assigned duties as a produce clerk. Hence, Claimant's conduct leading to her conviction directly reflects on her ability to perform her job duties.

Since the record supports the Board's conclusion that Employer met its burden of establishing Claimant's ineligibility for benefits under Section 3 of the Law, the order of the Board is affirmed.

### ORDER

AND NOW, this 25th day of June, 1998, the order of the Unemployment Compensation Board of Review in the above-captioned matter is affirmed.