535 A.2d 694

Donna E. Raichle, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs October 16, 1987, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Paul J. Furlong,* with him, *Joseph V. Furlong, Jr.,* for petitioner.

*Jonathan Zorach,* Assistant Counsel, with him, *Clifford F. Blaze,* Deputy Chief Counsel, for respondent.

OPINION BY JUDGE PALLADINO, January 5, 1988:

Donna E. Raichle (Petitioner) appeals an order of the Unemployment Compensation Board of Review dismissing her appeal of a referee's decision, denying her unemployment compensation benefits, as untimely. We reverse and remand.

A referee denied Petitioner unemployment compensation benefits on June 25, 1986. The envelope in which notification of the decision was mailed to Petitioner had a postmark of June 26, 1986. The box marked "decision mailing date" on the decision itself contained the date June 25, 1986. Petitioner filed her appeal with the Board on July 11, 1986. The Board dismissed the appeal as untimely.

Section 502 of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §822, provides that a referee's decision "shall be deemed the final decision of the board, unless an appeal is filed therefrom, within fifteen days after the date of such decision. . . ." The Board's regulation, found at 34 Pa. Code §101-.82(b), provides that an appeal

> shall be filed within the prescribed time if it is filed in the form and manner specified in this part on or before *the 15th date after the date on which notification of the decision* of the Department *was* delivered personally to the appellant, or *mailed to him* at his last known post office address. (Emphasis added.)

The Board used the "decision mailing date" of June 25, 1986 as the date on which notification of the decision was mailed to Petitioner and determined that July 10, 1986 was the last date on which Petitioner could file her appeal and have it considered timely. Petitioner contends that the date on which notification of the decision was mailed should be the postmark date, June 26, 1986, which would make her appeal, filed on July 11, 1986, timely. The issue before us is what date constitutes the mailing date of the notification of a referee's decision for purposes of commencing the 15 day statutory appeal period.

The Pennsylvania Supreme Court addressed this issue in *Schmidt v. Commonwealth,* 495 Pa. 238, 433 A.2d 456 (1981). In that case, the timeliness of an appeal of a reassessment decision to the Board of Finance and Revenue was at issue. The appeal in that case was required to be made "[w]ithin sixty days after the date of mailing of notice by the department [of Revenue] of the decision on any petition for reassessment. . . ."[1] The decision being appealed in *Schmidt* contained no mailing date but the Department proved the decision had been mailed on March 21, 1978. The appeal from the reassessment had been filed on May 23, 1978 and the Board of Finance and Revenue dismissed it as untimely. The Supreme Court reversed the dismissal, stating:

> [I]t is reasonable for the legislature to provide that *the date of mailing* of a reassessment decision *shall commence the period for appeal.* Implicit, however, is the *duty of the Department to advise the taxpayer of the date of mailing.* Without such notification, a taxpayer can have no reliable basis for knowing the number of days remaining in which to file a petition for review.

---

[1] Section 234 of the Tax Reform Code, Act of March 4, 1971, P.L. 6, *as amended,* 72 P.S. §7234.

*Id.* at 241, 433 A.2d at 488 (emphasis added).

In *Schmidt,* the Commonwealth argued that the postmark on the envelope containing the decision was adequate to indicate the mailing date. The Supreme Court disagreed and gave the following rationale:

> At the time of receiving a reassessment decision a taxpayer may as yet perceive no basis for appeal and therefore discard the envelope. Regardless, postmarks are so frequently illegible that they are not regarded as a substitute *for formal notification of the date in question on the decision* or transmittal letter.

*Id.* at 241-42, 433 A.2d at 488 (emphasis added). This case differs from *Schmidt* in that Petitioner seeks to use the postmark on the envelope in which she received the decision as proof that the referee's decision was not actually mailed to her on the "decision mailing date."

Our Supreme Court's decision in *Schmidt* placed an affirmative duty on administrative agencies to provide the individuals affected by the decisions of the agencies with formal notification of the date the individuals were being notified of the decisions.[2] This was done to enable the affected individuals to know when they would have to appeal from the decision, if they perceived a basis for appeal. By placing the decision mailing date on the referee's decision sent to Petitioner, the Board has satisfied its duty of providing formal notification.

However, placing the "decision mailing date" on the decision is not mailing the decision. Black's Law Dic-

---

[2] *See also Hanna v. Zoning Board of Adjustment,* 62 Pa. Commonwealth Ct. 620, 437 A.2d 115 (1981). In *Hanna,* Judge MAC-PHAIL, writing for this court, relied on *Schmidt* in reversing a trial court's dismissal of a zoning appeal as untimely. Judge MACPHAIL noted that "the Board's *duty* to provide notification of the mailing date is not satisfied by a postmark." *Id.* at 625, 437 A.2d at 118 (emphasis added).

tionary 858 (5th ed. 1979) (citation omitted) contains the following definition of mailed: "A letter . . . is 'mailed' when it is properly addressed, stamped with the proper postage, and deposited in a proper place for receipt of mail." The "decision mailing date" must be. put on a referee's decision prior to that decision being placed into a properly addressed, stamped envelope and deposited in a proper place for receipt of mail. It is quite possible that a referee's decision might not be mailed on the same day as the "decision mailing date." Therefore, if the postmark on the envelope received by the individual being notified differs from the "decision mailing date," we conclude that an appellant may rely on that postmark as the date on which notification of the decision was actually mailed and as the date on which the appeal period commences.

However, we recognize the need for the Board to have knowledge of the mailing date in order to determine the timeliness of an appeal. Therefore, if the postmark differs from the "decision mailing date," that information must be imparted to the Board when the appeal is taken. The record in the case before us clearly indicates that Petitioner supplied that information with her appeal to the Board.

Accordingly, the decision of the Board is reversed and the case remanded for the Board to consider Petitioner's appeal.

#### ORDER

AND NOW, January 5, 1988, the decision of the Unemployment Compensation Board of Review in the above-captioned case dismissing Petitioner's appeal as untimely is reversed and the case remanded to the Board for consideration of Petitioner's appeal.

Jurisdiction relinquished.