CARSON HELICOPTERS,
INC., Petitioner

v.

UNEMPLOYMENT COMPENSATION
BOARD OF REVIEW,
Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 5, 2008.

Decided Nov. 14, 2008.

Peter L. Frattarelli, Haddonfield, NJ, for petitioner.

Randall S. Brandes, Asst. Counsel and Gerard M. Mackarevich, Deputy Chief Counsel, Harrisburg, for respondent.

BEFORE: PELLEGRINI, Judge, LEAVITT, Judge, and McCLOSKEY, Senior Judge.

OPINION BY Judge LEAVITT,

Carson Helicopters, Inc. (Employer) petitions for review of an adjudication of the Unemployment Compensation Board of Review (Board) that dismissed Employer's appeal as untimely. Because we find that Employer's appeal was, in fact, timely, we reverse the decision of the Board and remand this case for consideration of the merits of Employer's appeal.

Jeffrey Bauer (Claimant) worked for Employer as a field technician until August 14, 2007, when he was laid off for lack of work. On September 5, 2007, Bill Gumert, his supervisor, asked him to return to work. Claimant requested an updated contract that would provide him, *inter alia*, with a higher salary and paid vacation time. When Employer refused, Claimant declined to return without a contract and applied for unemployment compensation benefits. The Unemployment Compensation Service Center (UC Service Center) found that Claimant had voluntarily quit and was, thus, ineligible for benefits under Section 402(b) of the Unemployment Compensation Law (Law).[1] Claimant appealed.[2]

A Referee conducted a hearing on October 29, 2007, after which she issued a decision reversing the UC Service Center.[3] Her decision listed the "Date Mailed" as October 24, 2007, which was five days *before* the hearing was held. Referee Decision/Order at 1; C.R. Item No. 9. Using October 24th as the decision date, the Referee's decision showed November 8, 2007, as the last date to file an appeal.[4] Employer received the Referee's decision on November 9, 2007, in an envelope postmarked October 31, 2007. Employer immediately telephoned and e-mailed the Board to explain that the date of mailing printed on the Referee's decision was incorrect and, thus, the deadline for filing an appeal had been erroneously stated on the

1. Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(b).

2. The UC Service Center's Notice of Determination explained its finding of ineligibility:
In situations where the Claimant voluntarily quits, the burden is on the Claimant to show that he had a necessitous and compelling reason for leaving the job in order to qualify for benefits.... In this case, the Claimant has not shown a necessitous and compelling reason for quitting. As such, the Claimant has not sustained his burden of proof and benefits must be denied under Section 402(b).
Certified Record Item No. 4 (C.R. ——), Notice of Determination, 9/28/07.

3. The Referee's reasoning was limited to the statement that "the record cannot sustain a finding that claimant's separation from employment is voluntary, therefore, he is eligible under the provisions of Section 402(b) of the Law." Referee's Decision/Order at 1; C.R. Item No. 9.

4. The 15–day deadline is prescribed by Section 502 of the Law, which provides, in pertinent part, that "the referees decision, and the reasons therefor shall be deemed the final decision of the board, unless an appeal is filed therefrom, within fifteen days after the date of such decision." 43 P.S. 822.

Referee's decision. Attaching a copy of the envelope postmarked October 31, 2007, Employer filed and e-mailed its appeal on November 9, 2007.

Rather than simply acknowledge the Referee's typographical error in the mailing date and accept Employer's appeal as timely filed, the Board remanded the case to the Referee to hold a hearing on the timeliness of Employer's appeal. At the December 31, 2007, hearing, the Referee admitted the Board's exhibits into the record without objection from the parties. Among these documents were (1) the photocopy of the envelope postmarked October 31, 2007; (2) the e-mails received from Employer on November 9, 2007; (3) the Notice of Hearing dated October 11, 2007, that specified October 29, 2007, as the Referee's hearing date; and (4) the Referee's Decision/Order that showed a hearing date of October 29, 2007, and a mailing date of October 24, 2007.

The Referee then heard testimony from Claimant's supervisor, Bill Gumert, who explained that his familiarity with the appeal stemmed from what Kathy Marsee, Employer's payroll manager, had told him.[5] When the Referee asked Mr. Gumert why Ms. Marsee was not present to testify, he explained that "she didn't see any reason why she should be [there] because she thought she made it very clear in her email." N.T. 3; C.R. No. 14. The

Referee transmitted the hearing transcript to the Board for disposition, and on January 24, 2008, the Board dismissed Employer's appeal as untimely. The Board reasoned as follows:

> [E]mployer alleged in its appeal letter that it did not receive the Referee's decision until November 9, 2007. However, [E]mployer did [not] provide a witness with first hand knowledge of when it received the Referees' decision and why its appeal was late. The sole witness for [E]mployer did not present any evidence and only provided hearsay testimony on the issue of the timeliness of [E]mployer's appeal. The appellant has a heavy burden to establish that its appeal should be allowed *nunc pro tunc*. The hearsay testimony of [E]mployer's witness is insufficient to meet this heavy burden.

Board's Decision & Order at 2. Employer petitioned for this Court's review of the Board's adjudication.

■ On appeal,[6] Employer contends that the Board erred in rejecting Employer's appeal as untimely because the appeal deadline was not November 8, 2007, as found by the Board. Employer contends that the envelope postmarked October 31, 2007, served as competent evidence that corroborated Employer's hearsay testimony that the Referee's decision was not

---

5. Ms. Marsee received the Referee's decision in the mail. She, also, is the person that called the Board and authored the emails to the Board and the Petition for Review before this Court. The hearsay testimony ultimately rejected by the Board follows:

> R ... Now, Mr. Gumert, it does not appear that you completed this paperwork requesting the appeal, so how do you—how are you familiar with this?
>
> EW Well, the only thing I'm aware of is what Kathy Marcie (sic) has told me about. Just that she described in her November 9 email that she did not receive the information on the appeal until

the date mentioned in the email and it was beyond the time to be able to respond.

Notes of Testimony, 12/31/07, at 2 (N.T. ——); C.R. Item No. 14.

6. This Court's review in an unemployment compensation case is limited to a determination of whether constitutional rights were violated, errors of law were committed, or findings of fact were not supported by substantial evidence. *Lee Hospital v. Unemployment Compensation Board of Review,* 161 Pa. Cmwlth. 464, 637 A.2d 695, 697 (1994).

received until November 9, 2007. Accordingly, even if Employer's appeal were due on November 8, 2007, Employer argues that it should have been allowed to appeal *nunc pro tunc* on November 9, 2007.

Section 502 of the Law gives a party "fifteen days after the date of a [referee's] decision" to appeal, 43 P.S. § 822, and this deadline is strictly applied. This Court holds routinely that "failure to file an appeal within fifteen days, without an adequate excuse for the late filing, mandates dismissal of the appeal." *United States Postal Service v. Unemployment Compensation Board of Review,* 152 Pa.Cmwlth. 603, 620 A.2d 572, 573 (1993). Nevertheless, our Supreme Court has held that a breakdown in the administrative process is an adequate excuse for an untimely filing. In *Union Electric Corp. v. Board of Property Assessment, Appeals & Review of Allegheny County,* 560 Pa. 481, 487, 746 A.2d 581, 584 (2000), the Court stated:

A careful reading of these cases demonstrates that there is a breakdown in ... operations where an administrative board or body is negligent, acts improperly or unintentionally misleads a party. Thus, where an administrative body acts

negligently, improperly or in a misleading way, an appeal *nunc pro tunc* may be warranted.

 The breakdown in the administrative process in this case is abundantly clear. To begin, the mailing date of October 24, 2007, that was listed on the Referee's decision was obviously incorrect because the hearing was conducted on October 29, 2007. Indeed, the Referee's own decision is internally inconsistent. Although it lists the date of mailing as October 24, 2007, it also lists the date of hearing as October 29, 2007. Referee Decision/Order at 1; C.R. Item No. 9. The Board compounded this error by refusing to allow the appeal when presented with a copy of the postmarked envelope showing a mailing date of October 31, 2007.[7] This Court has specifically held that postmark evidence may be used to extend the 15–day appeal period. *Raichle v. Unemployment Compensation Board of Review,* 112 Pa.Cmwlth. 298, 535 A.2d 694, 696 (1988). It follows that postmark evidence can be relied upon to correct an obvious notation error on a referee's decision to establish the correct deadline for an appeal.[8] The Board

---

7. In unemployment compensation cases, the Board is the ultimate fact-finder; the Board's findings are conclusive on appeal so long as the record, taken as a whole, contains substantial evidence to support those findings. *Hessou v. Unemployment Compensation Board of Review,* 942 A.2d 194, 198 (Pa.Cmwlth. 2008). The Board's finding of fact that no administrative breakdown occurred was not supported by substantial evidence in the record. To the contrary, multiple items in the record show that the Board confused dates, miscalculated the appeal period, and then refused to recognize its error. The Board's misplaced tenacity has caused this Court to waste valuable judicial resources reviewing an appeal that should not have been necessary.

8. In *Raichle,* this Court held that when a postmark differs from the date of mailing on

the referee's decision, a claimant may rely on the postmark to extend the appeal period, so long as the claimant notifies the Board of the discrepancy. In the present case, Employer notified the Board immediately, *via* telephone and e-mail, of the seven-day discrepancy between the date of mailing on the decision and the actual postmark. The e-mails are part of the certified record and were admitted into evidence without objection at the Referee's hearing on the timeliness of Employer's appeal. Employer attached a photocopy of the postmarked envelope to its appeal, which it both faxed and mailed. The photocopy of the envelope is in the certified record and was also admitted without objection as an exhibit at the timeliness hearing before the Referee. Employer was, therefore, entitled to rely on the postmark.

should have treated October 31, 2007, as the date of mailing of the Referee's decision.

Employer argues that the Board erred in finding that Employer's evidence did not establish its right to appeal *nunc pro tunc.* According to Employer, the Board improperly rejected the testimony of its witness, Mr. Gumert, as not proving that the Referee's decision listed an incorrect date of appeal. Because Mr. Gumert's hearsay testimony was corroborated by other evidence, Employer argues that it proved that the Referee's decision was not received until November 9, 2007. The postmarked envelope, the Notice of Hearing,[9] the Referee's Decision/Order,[10] and the Report of 11/9/07 Telephone Call on hearing[11] are all official records that corroborate Mr. Gumert's hearsay statement. They also separately establish that the date of mailing shown on the Referee's decision cannot be correct. We agree that the Board erred in concluding that Mr. Gumert's testimony had no probative value on the issue of whether Employer could appeal *nunc pro tunc* on November 9, 2007.

■ The real point, however, is that Employer's appeal was not filed late. The Referee could not have possibly mailed her decision on October 24, 2007, five days before the hearing was held on October 29, 2007, according to her own decision. The earliest day the decision could have been mailed is October 29, 2007, and this means

the earliest possible deadline for Employer's appeal was November 13, 2007. If the postmark date of October 31, 2007, was the true date of mailing, then Employer's appeal would have been due on November 15, 2007. Regardless of whether November 13 or November 15 was the true appeal deadline, it is uncontroverted that the Board received Employer's appeal on November 9, 2007, before the statutory 15–day deadline had expired. Section 502 of the Law, 43 P.S. § 822. The Board's conduct in this manner was not only sloppy but shocking in its disregard of its statutory responsibilities.

For the foregoing reasons, we reverse the decision of the Board and remand the case for consideration of Employer's appeal.

### *ORDER*

AND NOW, this 14th day of November, 2008, the order of the Board in the above-captioned matter, dated January 24, 2008, is REVERSED and the matter is REMANDED to the Board for consideration of Employer's appeal.

Jurisdiction relinquished.

---

9. The Notice of Hearing showed October 29, 2007, as the scheduled date of the hearing. C.R. Item No. 7.

10. The Referee's Decision/Order listed October 29, 2007, as the date of hearing and October 24, 2007, as the mailing date of the decision. C.R. Item No. 9.

11. This official record of Employer's call to the Board, by Ms. Marsee, also shows a hearing date of October 29, 2007. C.R. Item No. 10.