Sheryl SMITH, Petitioner

v.

UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 9, 2009.

Decided Feb. 27, 2009.

Sheryl A. Smith, petitioner, pro se.

Michael E. Kennedy, Pittsburgh, for respondent.

BEFORE: PELLEGRINI, Judge, SIMPSON, Judge, and McCLOSKEY, Senior Judge.

OPINION BY Senior Judge McCLOSKEY.

Sheryl Smith (Claimant) petitions *pro se* for review of an order of the Unemployment Compensation Board of Review that reversed a referee's decision and order, which found that Claimant was not ineligible for benefits pursuant to Section 402(e) of the Unemployment Compensation (UC) Law.[1] We affirm.

During 2004 and 2005, Claimant performed consulting services for the City of Pittsburgh (Employer). In July of 2006, Claimant was hired by City Councilwoman Towanda Carlisle as an administrative assistant, which rendered her an employee of Employer. In 2007, an investigation began involving the question of whether Claimant was involved in a kickback scheme involving Councilwoman Carlisle that was alleged to have occurred in 2004 at the time Claimant was providing consulting services to Employer. The District Attorney of Allegheny County ultimately charged Claimant with theft by deception from Employer involving an amount in excess of $2,000 and also with criminal conspiracy with regard to her conduct involving the kickback scheme with Councilwoman Carlisle. On November 13, 2007, Claimant pleaded nolo contendre to the charges. When Claimant reported to work on November 14, 2007, Employer requested Claimant's resignation. However, Claimant refused to resign voluntarily, and Employer advised her that it was discharging her based upon her nolo contendre pleas.

Claimant applied for benefits with her local job center that same day, but did not relate the circumstances of her discharge during the application process. On November 21, 2007, a representative of Employer filed a claim protest noting that Claimant was discharged as a result of her convictions on charges relating to misappropriation of Employer's funds. Nevertheless, Claimant received benefits beginning November 24, 2007. On February 4, 2008, the Allegheny County Court of Common Pleas sentenced Claimant to a term of incarceration of eight to twenty-three months.

---

1. Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 802(e).

In a questionnaire Claimant completed on March 18, 2008, she responded "unknown" to a question asking for reasons for her separation from employment. Further, on an "Employment Separation Questionnaire" of the same date, Claimant stated that she was unemployed because "[t]he President of City Council Doug Shields told me my services were no longer require [sic], due to the fact that my supervisor resigned." In its own questionnaire completed on March 21, 2008, Employer simply attached the documentation regarding Claimant's convictions as well as Claimant's official termination letter, dated November 15, 2007, from Mr. Shields. This letter detailed Claimant's pleas of nolo contendre relating to charges of theft by deception of City funds and noted that the same was the basis for her termination. The Department proceeded to conduct an oral interview with Claimant on April 3, 2008, at which time Claimant acknowledged that she had pleaded nolo contendre to the criminal charges, but did not admit her criminal culpability, instead asserting that she only entered her pleas because she did not have money to pay for an attorney.

On April 11, 2008, the local job center mailed a notice of determination denying benefits, concluding that Claimant's conduct constituted willful misconduct such that she was ineligible for benefits under Section 402(e) of the UC Law. On this same date, the local job center also mailed a notice of determination of overpayment of benefits, directing Claimant to repay a fault overpayment totaling $6,175.00. A further notice from the local job center imposed twenty-one penalty weeks upon Claimant.

Claimant filed an appeal contending that she was not dismissed because of misappropriation of funds. The case was assigned to the referee, who scheduled and conducted a hearing on April 28, 2008. During that hearing, Claimant testified that, but for the fact that she could not afford to hire legal counsel, she would not have pleaded nolo contendre to the charges, thus suggesting that she was not guilty of the charges to which she had pleaded.

Following the hearing, the referee determined that Claimant had not "kicked back" any monies she received pursuant to her earlier contract with the City. The referee also found that Claimant could not afford to hire an attorney to help defend against the criminal charges and, based upon her inability to pay for counsel, she elected not to contest the charges. The referee further found that Mr. Shields, the City Council President, terminated Claimant's employment based upon his belief that her pleas constituted admissions that she had violated Employer's Code of Ethics.

The referee noted that Employer had produced no evidence relating to the acts that gave rise to Claimant's nolo contendre pleas, and, hence, concluded that Employer could not base a termination decision on pleas of nolo contendre alone. From a statutory perspective, the referee considered whether Sections 3 or 402(e) of the UC Law, 43 P.S. §§ 752, 802(e), respectively, precluded the grant of benefits.[2] As to Section 3, the referee opined that evidence of a criminal conviction alone is insufficient to deny benefits. As to Sec-

**2.** Section 3 contains a declaration of the public policy underlying the UC Law and states that unemployment compensation should be available to those individuals who "become unemployed through no fault of their own."

Section 402(e) provides that an individual shall be ineligible for benefits when his unemployment is "due to his discharge ... from work for willful misconduct...."

tion 402(e), the referee rejected the fact of Claimant's convictions as sufficient evidence to establish willful misconduct. Finally, the referee opined that Claimant's failure to inform the local job center as to the reasons underlying her termination by Employer did not provide an adequate basis to implicate the recoupment provisions of Section 804(a) of the UC Law, 43 P.S. § 874(a), because Claimant had established her entitlement to benefits notwithstanding the fact that she had not answered certain questions honestly. Hence, the referee reversed the local job center's determination and awarded benefits to Claimant.

Employer appealed the referee's decision and order to the Board. The Board made different factual findings than the referee. The Board first noted the nature of the charges that had been brought against Claimant, and then noted Claimant's nolo contendre pleas. The Board considered those facts under Section 402(e) of the UC Law and concluded, in contrast to the referee, that Claimant's pleas of nolo contendre were sufficient to establish admissions of guilt. The Board indicated that Claimant "had an opportunity to refute the implication of guilt, but chose to offer only a self-serving denial of wrongdoing." (Board decision at 2). The Board rejected Claimant's testimony and ultimately concluded that the record contained sufficient evidence to establish that Claimant's conduct constituted willful misconduct, thereby denying benefits to Claimant under Section 402(e) of the UC Law. The Board also ordered recoupment of the benefits paid to Claimant and imposed twenty-one penalty weeks as a result of its conclusion that Claimant had failed to inform the local job center of the reasons underlying her termination by Employer. Claimant then filed a petition for review with this Court.

On appeal,[3] Claimant asserts that the Board erred in concluding that her nolo contendre pleas were sufficient as a matter of law to establish willful misconduct under Section 402(e). Claimant essentially argues that there is no evidence of ethical wrongdoing on her part because (1) a nolo contendre plea is not an admission of guilt, and (2) there is no evidence that she engaged in misconduct during the period she was employed by the City.[4]

■ We first disagree with Claimant's attempt to minimize the effect of her nolo contendre pleas to mean that the Board could not regard it as an admission of her guilt. In *Sontag v. Ward*, 789 A.2d 778 (Pa.Cmwlth.2001), *petition for allowance of appeal denied*, 569 Pa. 713, 805 A.2d 528

---

3. This Court's standard of review of a decision of the Board is limited to considering whether the Board erred as a matter of law or committed any constitutional violations, and whether any necessary factual findings are supported by substantial evidence. 2 Pa.C.S. § 704; *Nolan v. Unemployment Compensation Board of Review*, 797 A.2d 1042 (Pa.Cmwlth. 2002). Further, the Board is the ultimate fact finder in unemployment compensation cases. *Carson Helicopters, Inc. v. Unemployment Compensation Board of Review*, 960 A.2d 524 (Pa.Cmwlth.2008). In her brief to this Court, Claimant erroneously asserts that the Board may only reach different factual findings if it accepts additional evidence, citing the Pennsylvania Workers' Compensation Act, Act of

June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1041.4, 2501–2708. However, the provisions of that Act are not applicable to unemployment compensation cases.

4. In her petition for review, Claimant appears to allege that the Board erred by not allowing her to be present at its "hearing" and to present her recitation of the facts. However, the Board did not conduct a "hearing" in this matter. Rather, the Board simply reviewed the testimony before the referee and reached different findings of fact and conclusions of law, which was within its authority. *Carson Helicopters*.

(2002), this Court rejected a claim by an inmate, who had pleaded no contest to misdemeanor sex offenses, that the Department of Corrections improperly was attempting to force him to admit his guilt in a sex-abuser's program in violation of his right against self-incrimination. The Court disagreed, noting that "a plea of nolo contendre is to be treated the same as a guilty plea. *Commonwealth v. Hayes,* 245 Pa.Super. 521, 369 A.2d 750 (Pa.Super.1976)." *Sontag,* 789 A.2d at 780 (footnote omitted). The Superior Court in *Hayes* stated that "[i]t is the unusual plea of 'nolo contendre' that says, in effect, 'I will not contest' and admits the facts charged...." *Hayes,* 369 A.2d at 751. Hence, for the purpose of evaluating the Board's findings, we agree with its conclusion that the nolo contendre pleas essentially constituted admissions of the facts charged in the underlying criminal proceedings.

■ Claimant next argues that there is insufficient evidence to support a denial of benefits under either Section 3 or Section 402(e) of the UC Law. Although Section 3 generally states a declaration of the public policy underlying the UC Law, this Court has concluded that Section 3 provides a basis in addition to those described in Section 402 for denying benefits. *See Adams v. Unemployment Compensation Board of Review,* 40 Pa.Cmwlth. 486, 397 A.2d 861 (1979). Section 402(e) prohibits the award of benefits when a Claimant's conduct precipitating a dismissal constitutes "willful misconduct." Although the UC Law does not define the term "willful misconduct," this Court has summarized the term as follows:

(1) an act of wanton or willful disregard of the employer's interest;

(2) a deliberate violation of the employer's rules;

(3) a disregard of standards of behavior which the employer has a right to expect of an employee; and

(4) negligence indicating an intentional disregard of the employer's interest or the employee's duties and obligations to the employer.

*Altemus v. Unemployment Compensation Board of Review,* 681 A.2d 866, 869 (Pa. Cmwlth.1996), *petition for allowance of appeal denied,* 547 Pa. 757, 692 A.2d 567 (1997). The question of whether particular conduct rises to the level of willful misconduct is a question of law that this Court may fully review. *Kelly v. Unemployment Compensation Board of Review,* 747 A.2d 436 (Pa.Cmwlth.2000).

Employer refers us to our decision in *Adams* as support for the Board's decision and order. In that case, the claimant had been employed as a claims adjustor by an insurance company. He left that employment and became a claims manager for another company. After working for approximately five months in that position, the new employer indefinitely suspended the claimant following his conviction on charges of conspiracy and mail fraud that arose in relation to his involvement in a fraudulent automobile accident claim while he worked for his previous employer. The referee denied benefits on the basis of Section 3 of the UC Law, and the Board affirmed.

On appeal, this Court affirmed the order of the Board, concluding that the situation was one in which Section 3 was properly relied upon as a basis for the denial of benefits. We noted that Section 3 "has been given substantive effect and application and sets forth a substantive basis upon which to deny compensation in addition to those specifically enumerated bases for disqualification in Section 402 of the Act." *Adams,* 397 A.2d at 862. We held that the claimant's conduct which led to his

convictions constituted fault which was incompatible with his job responsibilities for the new employer. In other words, as the claimant was unemployed through his own fault, he was ineligible for benefits. ˘

Claimant takes issue with the Board's reliance upon Section 402(e), essentially asserting that the acts that gave rise to her convictions were not connected to her work. However, we believe that Section 402(e), as well as our holding in *Adams*, is applicable to this case. As in *Adams*, the Claimant here began working for Employer after the acts giving rise to her ultimate convictions occurred. Further, these acts included improper receipt of Employer's own funds, via theft by deception and criminal conspiracy with a City Councilwoman, which acts are certainly incompatible with continued employment with Employer. Additionally, Claimant's convictions occurred during the period she worked for Employer.

██ Although the charges were only pending against Claimant at the time she was employed, Claimant did not enter her pleas until a later time. Until then, Employer had no reasonable basis to determine whether Claimant had committed a crime against it. The fact of the convictions provided Employer with a reasonable basis to conclude that Claimant had acted in a manner inimical to its interests and in a manner that represents a disregard of the standards of behavior that it may expect of an employee. Thus, we cannot say that the Board erred in relying upon Section 402(e) of the UC Law in denying Claimant benefits, although Section 3 provides an additional basis upon which the Board could have denied the same.

Based upon our conclusion that the Board did not err, we also find no fault in the Board's order directing the recoupment of the benefits paid to Claimant and its imposition of twenty-one penalty weeks.

Accordingly, the order of the Board is affirmed.

### *O R D E R*

AND NOW, this 27th day of February, 2009, the order of the Unemployment Compensation Board of Review is affirmed.