IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael A. Cardone,                        :
                                           : No. 2713 C.D. 2015
                        Petitioner         : Submitted: May 27, 2016
                                           :
              v.                           :
                                           :
Unemployment Compensation                  :
Board of Review,                           :
                                           :
                        Respondent         :


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
          HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY SENIOR JUDGE FRIEDMAN                          FILED: July 27, 2016


          Michael A. Cardone (Claimant) petitions for review, *pro se*, of the
November 18, 2015, order of the Unemployment Compensation Board of Review
(UCBR) affirming the decision of a referee to dismiss Claimant's appeal as untimely
under section 501(e) of the Unemployment Compensation Law (Law).[1]  We affirm.


          On July 5, 2015, Claimant filed a claim for unemployment compensation
(UC) benefits.  (Ref.'s Decision at 1.)  On July 9, 2015, the Department mailed

_____

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S.
§821(e).  Section 501(e) of the Law provides that an appeal from a Department of Labor and
Industry (Department) determination must be filed within 15 days of the determination.  43 P.S.
§821(e).

Claimant a notice of determination (Notice). The Notice stated that, pursuant to section 404(d)(1)(iii) of the Law, 43 P.S. §804(d)(1)(iii),[2] Claimant's revised weekly benefit rate for the claim week ending July 4, 2015, was $0 due to Claimant's deductible severance pay. (Notice at 1.) The Notice contained appeal instructions indicating that July 24, 2015, was the last date to file a timely appeal. (Findings of Fact, No. 1.) The postal authorities did not return the Notice as undeliverable. (*Id.*, No. 2.) Claimant did not file his appeal until September 11, 2015. (*Id.*, No. 3.)

On October 7, 2015, the referee held a hearing at which Claimant testified. The referee asked Claimant why he failed to timely appeal the Department's determination. (N.T., 10/7/15, at 5.) Claimant responded that he twice called the Department after receiving the Notice and that both times, a different Department employee told Claimant that he must "run [his] severance out" before he could receive UC benefits. (*Id.* at 5-6.) Claimant testified that the Department employees did not discuss Claimant's right to appeal the Department's determination. (*Id.* at 7.) Claimant acknowledged that the Notice included instructions for filing a timely appeal. (*Id.*)

On October 18, 2015, the referee dismissed Claimant's appeal as untimely under section 501(e) of the Law. The referee concluded that Claimant

---

[2] Section 404(d)(1)(iii) of the Law provides:

> [E]ach eligible employe who is unemployed with respect to any week ending subsequent to July 1, 1980 shall be paid, with respect to such week, compensation in an amount equal to his weekly benefit rate less the total of . . . (iii) the amount of severance pay that is attributed to the week.

43 P.S. §804(d)(1)(iii).

failed to file an appeal within 15 days of the Department's determination. (Ref.'s Decision at 2.) The referee also concluded that Claimant was neither misled about his appeal rights nor prevented from appealing due to fraud or an administrative breakdown. (*Id.*) Claimant appealed to the UCBR, which adopted the referee's findings of fact and conclusions of law and affirmed. Claimant now petitions this court for review.[3]

On appeal, Claimant argues that he is entitled to *nunc pro tunc* relief because his untimely filing was caused by his reliance on Department employees' statements about Claimant's ineligibility for UC benefits, which Claimant argues is an administrative breakdown. We disagree.

The 15-day time period to appeal a Department determination is jurisdictional and precludes the referee and the UCBR from considering matters raised in an untimely appeal. *DiJohn v. Unemployment Compensation Board of Review*, 687 A.2d 1213, 1215 (Pa. Cmwlth. 1997). "An appeal *nunc pro tunc* may be permitted when a delay in filing the appeal is caused by extraordinary circumstances involving fraud, administrative breakdown, or non-negligent conduct, either by a third party or by the appellant." *Mountain Home Beagle Media v. Unemployment Compensation Board of Review*, 955 A.2d 484, 487 (Pa. Cmwlth. 2008). An administrative breakdown occurs "'where an administrative board or body is negligent, acts improperly[,] or unintentionally misleads a party.'" *Carson*

---

[3] Our review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704.

*Helicopters, Inc. v. Unemployment Compensation Board of Review*, 960 A.2d 524, 527 (Pa. Cmwlth. 2008) (citation omitted).

Here, Claimant acknowledged that the Notice included instructions for filing a timely appeal. Although Claimant testified that he relied on the Department employees' statements over the telephone that Claimant could not receive UC benefits due to his deductible severance pay, the employees' alleged statements merely reiterated the basis for the Department's determination. Because the record is void of any evidence that the Department employees misled or misinformed Claimant about his right to appeal, Claimant's reliance on the employees' statements does not constitute an administrative breakdown. Therefore, the UCBR properly affirmed the denial of UC benefits.[4]

Accordingly, we affirm.

_____
ROCHELLE S. FRIEDMAN, Senior Judge

---

[4] In his brief, Claimant also argues the merits of his appeal to the referee. Because we agree with the UCBR that Claimant's appeal to the referee was untimely, we will not consider those claims.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael A. Cardone,                :
                                         : No. 2713 C.D. 2015
                       Petitioner     :
                                           :
                      v.              :
                                           :
Unemployment Compensation   :
Board of Review,                :
                                           :
                     Respondent   :


O R D E R


AND NOW, this 27th day of July, 2016, we hereby affirm the November 18, 2015, order of the Unemployment Compensation Board of Review.


_____
ROCHELLE S. FRIEDMAN, Senior Judge