IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Isaiah Jacobs, : 
                Petitioner : 
                 : 
      v. : 
                 : 
Unemployment Compensation : 
Board of Review, :   No. 459 C.D. 2022
                Respondent :   Submitted: March 31, 2023


BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE ANNE E. COVEY, Judge
                HONORABLE STACY WALLACE, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                              FILED: July 14, 2023


Isaiah Jacobs (Claimant), pro se, petitions this Court for review of the Unemployment Compensation (UC) Board of Review's (UCBR) March 15, 2022 order dismissing his appeal as untimely, and March 25, 2022 order denying his request for reconsideration. The sole issue before this Court is whether the UCBR properly dismissed Claimant's appeal as untimely.[1] After review, this Court affirms.

_____

[1] In his Statement of Questions Involved, Claimant presented four issues:

>1. Why is there no way to argue that I did not quit my job voluntarily? The [UCBR] dismissed my appeal as untimely and also denied reconsideration without reasoning.

>2. Why did the [UCBR] dismiss my reconsideration request without any explanation? The [UCBR] did not answer my question.

>3. Why did the [UCBR] side with the employer (Veteran [T]ransportation [X Press]) when they never submitted any facts that back there [sic] claim I was terminated [sic] for misconduct or attended any referee hearings? The [UCBR] dismissed my claim as a voluntary quit.

Veteran's Transportation X Press (Employer) employed Claimant as a full-time package delivery driver from August 18, 2020 to October 25, 2020. On November 15, 2020, Claimant filed an application for UC benefits. On February 16, 2021, the Altoona UC Service Center found Claimant ineligible for UC benefits under Section 402(b) of the UC Law (Law).[2] Claimant appealed from the UC Service Center's determination and a Referee held a hearing. On April 27, 2021, the Referee affirmed the UC Service Center's determination. On May 20, 2021, Claimant appealed to the UCBR.

On July 19, 2021, the UCBR notified Claimant that the Law deems an appeal timely if it is filed within 15 days after the Referee's decision was mailed, and if Claimant believed that he filed his appeal within the 15-day period or that it should be deemed timely for other reasons, he must request a hearing to allow him to set forth his reasons why he believes his appeal was timely filed. On July 21, 2021, Claimant requested a hearing. On February 10, 2022, a Referee held a hearing. On March 15, 2022, the UCBR dismissed Claimant's appeal as untimely. Claimant appealed to this Court.[3]

---

> 4. Why is my [d]epression not being treated not [sic] as a mental illness and or my request for part[-]time hours not considered as trying to retain employment. The [UCBR] did not answer my question.

Claimant Br. at 5. Because the UCBR dismissed Claimant's appeal as untimely, it did not address the above-quoted issues and therefore the issues are not properly before this Court for review.

[2] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(b) (referring to voluntarily leaving work without cause of a necessitous and compelling nature).

[3] "'Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the findings of fact were unsupported by substantial evidence.' *Miller v. Unemployment Comp. Bd. of Rev*[.], 83 A.3d 484, 486 n.2 (Pa. Cmwlth. 2014)." *Talty v. Unemployment Comp. Bd. of Rev.*, 197 A.3d 842, 843 n.4 (Pa. Cmwlth. 2018).

Initially,

> Section 502 of the Law gives a party "[15] days after the date of a [Referee's] decision" to appeal, 43 P.S. § 822, and this deadline is strictly applied. This Court holds routinely that "failure to file an appeal within [15] days, without an adequate excuse for the late filing, mandates dismissal of the appeal." [*U.S.*] *Postal Serv*[.] *v. Unemployment Comp*[.] [*Bd.*]*of Rev*[.], . . . 620 A.2d 572, 573 ([Pa. Cmwlth.] 1993). Nevertheless, our Supreme Court has held that a breakdown in the administrative process is an adequate excuse for an untimely filing.

*Carson Helicopters, Inc. v. Unemployment Comp. Bd. of Rev.*, 960 A.2d 524, 527 (Pa. Cmwlth. 2008).

> If an appeal is not filed within [15] days of the determination's mailing date, the UCBR and its referees do not have jurisdiction to rule on the merits of the case. The statutory time limit for filing an appeal is mandatory in the absence of fraud or manifestly wrong or negligent conduct of the administrative authorities, and the claimant bears a heavy burden to justify an untimely appeal.

*Roman-Hutchinson v. Unemployment Comp. Bd. of Rev.*, 972 A.2d 1286, 1288 n.1 (Pa. Cmwlth. 2009) (citation omitted).

Here, Claimant testified at the Referee hearing that he did not timely appeal because he received two Referee decisions on the same date, one which stated that he was eligible for UC benefits and one which stated that he was ineligible for UC benefits. *See* Certified Record (C.R.) at 119. He further related that as soon as he contacted a UC representative, he filed his appeal.[4] *See* C.R. at 121. When

---

[4] Claimant states in his brief that he "[w]as advised by a[] [UC] employee to wait for a call back to see why [he] was receiving payment with two different decisions." Claimant Br. at 6. However, upon review of the Referee hearing transcript, Claimant did not make such a statement or any similar statement at the Referee hearing. "It is well settled that this Court may not consider extra-record evidence that is not part of the certified record on appeal." *Brown v. Unemployment Comp. Bd. of Rev.*, 276 A.3d 322, 331 n.13 (Pa. Cmwlth. 2022). Accordingly, this Court cannot consider Claimant's only allegation about an administrative breakdown which is contained in his brief, i.e., someone told him to wait and see, because it is not in the record.

questioned by the Referee, Claimant reported that he had two separate Referee hearings. *See* C.R. at 120. Given the fact that Claimant had two different Referee hearings, it was reasonable for him to receive two different decisions.

> **Claimant does not demonstrate how receiving two [Referee decisions]** . . . - one which found him eligible for benefits and one which found him ineligible - **amounts to an administrative breakdown**. Because he admits that he received the [decision] finding him ineligible for benefits under Section 402([b]) of the Law, Claimant was not misled by the [UC] Service Center, but only by his own failure to read all documents sent to him.

*Marttila v. Unemployment Comp. Bd. of Rev.* (Pa. Cmwlth. No. 2185 C.D. 2011, filed May 31, 2012), slip op. at 5 (emphasis added).[5] Consequently, Claimant has not met his "heavy burden to justify an untimely appeal." *Roman-Hutchinson*, 972 A.2d at 1288 n.1. Accordingly, the UCBR properly dismissed Claimant's appeal as untimely.[6]

For all of the above reasons, the UCBR's orders are affirmed.

_____
ANNE E. COVEY, Judge

---

[5] This Court's memorandum opinions may only be cited "for [their] persuasive value, but not as binding precedent." Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a). This Court cites *Marttila* for its persuasive value.

[6] Because the UCBR properly dismissed Claimant's appeal as untimely, the UCBR did not err by denying Claimant's reconsideration request.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Isaiah Jacobs, :
                Petitioner :
                :
        v. :
                :
Unemployment Compensation :
Board of Review, : No. 459 C.D. 2022
                Respondent :

## O R D E R

AND NOW, this 14th day of July, 2023, the Unemployment Compensation Board of Review's March 15, 2022 and March 25, 2022 orders are affirmed.

_____
ANNE E. COVEY, Judge